DAVID VIBERT *v.* BOARD OF EDUCATION OF REGIONAL SCHOOL DISTRICT NUMBER 10 (SC 16596)

Sullivan, C. J., and Borden, Palmer, Vertefeuille and Zarella, Js.

Argued November 28, 2001—officially released April 23, 2002

*Michele C. Camerota*, with whom were *Karen T. Gerber* and, on the brief, *Anthony Nuzzo, Jr.*, for the appellant (defendant).

*Ronald Cordilico*, with whom, on the brief, was *William J. Dolan*, for the appellee (plaintiff).

*Opinion*

ZARELLA, J. The defendant, the board of education of Regional School District Number 10 (board), appeals from the trial court's judgment rendered in accordance with that court's granting of the plaintiff David Vibert's motion for summary judgment and issuance of a writ of mandamus compelling the board to provide the plaintiff with legal counsel to defend a certain civil action brought against him. The board claims that the trial court improperly determined that General Statutes § 10-235 (b)[1] requires the board to provide the plaintiff with

---

[1] General Statutes § 10-235 (b) provides: "In addition to the protection provided under subsection (a) of this section, each local and regional board of education and each charter school shall protect and save harmless any member of such local or regional board of education or charter school governing council, or any teacher or other employee thereof or any member of its supervisory or administrative staff from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such member, teacher or other employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such member, teacher or other employee while acting in the discharge of his duties. In the event such member, teacher or other employee has a judgment entered against him for a malicious, wanton or wilful act in a

legal representation. We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. On September 11, 1997, Jane Doe, then a twenty-nine year old female, brought a civil action in ten counts against the plaintiff, among others,[2] alleging, inter alia, sexual assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent failure to report sexual abuse, and negligent failure to seek psychological and medical treatment for committing sexual abuse. Doe claimed that, during the several years that the abuse allegedly had occurred, the plaintiff was employed by the board as a physical education teacher and assigned to Har-Bur Middle School, at which the plaintiff also taught photography and coached various sports. Doe further claimed that she was a student at Har-Bur Middle School when the abuse had begun in or around 1981.

Thereafter, the plaintiff filed this mandamus action seeking to compel the board to provide him with legal representation to defend Doe's civil action. The board subsequently filed a motion to strike the plaintiff's complaint, which the trial court denied. Thereafter, the board deposed the plaintiff, and the plaintiff admitted to substantially all of the conduct that Doe alleged in her complaint. The plaintiff then moved for summary judgment and submitted an affidavit attesting to his inability to pay for an attorney to defend against Doe's civil action. The board also filed its own motion for summary judgment. The trial court granted the plain-

court of law, such board of education or charter school shall be reimbursed by such member, teacher or other employee for expenses it incurred in providing such defense and shall not be held liable to such member, teacher or other employee for any financial loss or expense resulting from such act."

[2] Doe also named the board and another teacher employed by the board in her complaint.

tiff's motion for summary judgment and rendered judgment thereon ordering the board to provide the plaintiff with legal counsel to defend the plaintiff in Doe's civil action.[3]

The board appealed to the Appellate Court from the trial court's judgment. We transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

The dispositive issue in this appeal is whether § 10-235 (b) imposes a duty on the board to provide the plaintiff with counsel to defend the plaintiff in Doe's civil action. We conclude that § 10-235 (b) does not impose such a duty but may impose a duty to indemnify under certain specified circumstances.

We begin by setting forth the appropriate standard of review. The threshold question whether § 10-235 (b) imposes a duty to defend raises an issue of statutory construction over which our review is plenary. E.g., *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 26, 717 A.2d 77 (1998). "[I]t is axiomatic that the process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Connelly* v. *Commissioner of Correction*, 258 Conn. 394, 403, 780 A.2d 903 (2001).

---

[3] Subsequently, the board filed a motion for reargument on the ground that the trial court improperly had failed to consider the board's motion for summary judgment in conjunction with the plaintiff's motion for summary judgment. The trial court denied the board's motion for reargument, concluding that it effectively had denied the board's motion for summary judgment when it granted the plaintiff's motion for summary judgment.

Having determined the appropriate standard of review, we next consider the language of the statutory provision at issue. "[W]hen construing a statute, we do not interpret some clauses in a manner that nullifies others, but rather read the statute as a whole and so as to reconcile all parts as far as possible." (Internal quotation marks omitted.) *Iovieno* v. *Commissioner of Correction*, 222 Conn. 254, 258, 608 A.2d 1174 (1992). Consequently, we look to the language of the statute in its entirety.

Subsection (a) of § 10-235[4] provides in relevant part that "[e]ach board of education shall protect and save

[4] General Statutes § 10-235 (a) provides: "Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof or any member of its supervisory or administrative staff, and the State Board of Education, the Board of Governors of Higher Education, the board of trustees of each state institution and each state agency which employs any teacher, and the managing board of any public school, as defined in section 10-183b, including the governing council of any charter school, shall protect and save harmless any member of such boards, or any teacher or other employee thereof or any member of its supervisory or administrative staff employed by it, from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, or in accidental damage to or destruction of property, within or without the school building, or any other acts, including but not limited to infringement of any person's civil rights, resulting in any injury, which acts are not wanton, reckless or malicious, provided such teacher, member or employee, at the time of the acts resulting in such injury, damage or destruction, was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education, the Board of Governors of Higher Education, board of trustees, state agency, department or managing board; provided that the provisions of this section shall not limit or otherwise affect application of section 4-165 concerning immunity from personal liability. For the purposes of this section, the terms 'teacher' and 'other employee' shall include (1) any person who is a cooperating teacher, teacher mentor or assessor pursuant to section 10-220a, (2) any student teacher doing practice teaching under the direction of a teacher employed by a local or regional board of education or by the State Board of Education or Board of Governors of Higher Education, (3) any student enrolled in a regional vocational-technical high school who is engaged in a supervised health-related field placement program which constitutes all or part of a course of instruction

harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence . . . or other acts . . . resulting in any injury, which acts are not wanton, reckless or malicious, provided such teacher . . . was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education . . . ." This court previously has stated that § 10-235 (a) is an indemnification provision. See *King v. Board of Education*, 195 Conn. 90, 97, 486 A.2d 1111 (1985) ("[w]e conclude that the legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages"). As we stated in *King*, § 10-235 (a) traces its roots to General Statutes (Cum. Sup. 1945) § 234h, which "limited the indemnification of school board employees for claims related to the performance of their duties to 'financial loss and expense arising out

for credit by a regional vocational-technical school, provided such health-related field placement program is part of the curriculum of such vocational-technical school, and provided further such course is a requirement for graduation or professional licensure or certification, (4) any volunteer approved by a board of education to carry out a duty prescribed by said board and under the direction of a certificated staff member including any person, partnership, limited liability company or corporation providing students with community-based career education, (5) any volunteer approved by a board of education to carry out the duties of a school bus safety monitor as prescribed by said board, (6) any member of the faculty or staff or any student employed by The University of Connecticut Health Center or health services, (7) any student enrolled in a constituent unit of the state system of higher education who is engaged in a supervised program of field work or clinical practice which constitutes all or part of a course of instruction for credit by a constituent unit, provided such course of instruction is part of the curriculum of a constituent unit, and provided further such course (i) is a requirement for an academic degree or professional licensure or (ii) is offered by the constituent unit in partial fulfillment of its accreditation obligations and (8) any student enrolled in a constituent unit of the state system of higher education who is acting in the capacity of a member of a student discipline committee established pursuant to section 4-188a."

of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person, or in accidental damage to or destruction of property, within or without the school building . . . .' Since that time the protection afforded by the statute has been expanded frequently [by the legislature] both with respect to the persons covered and the circumstances under which indemnification is available." (Citation omitted.) *King* v. *Board of Education,* supra, 95, quoting General Statutes (Cum. Sup. 1945) § 234h.

Subsection (b) of § 10-235 contains language similar to that of subsection (a). Under General Statutes § 10-235 (b), a board of education is required to "protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such . . . teacher . . . by reason of alleged malicious, wanton or wilful act or ultra vires act . . . while acting in the discharge of his duties." Both subsections (a) and (b) of § 10-235, therefore, contain the same "protect and save harmless" language indicative of a legislative intent to impose a duty of indemnification. Moreover, according to Black's Law Dictionary, the principle of saving someone harmless is synonymous with indemnification. Black's Law Dictionary (6th Ed. 1990) ("indemnify" means "[t]o save harmless; to secure against loss or damage; to give security for the reimbursement of a person in case of an anticipated loss failing upon him"). Thus, the "protect and save harmless" language of § 10-235 (b) clearly mandates that a board of education indemnify a teacher for conduct falling within the purview of that subsection.

Additionally, we previously have interpreted General Statutes § 7-101a,[5] a statute that uses the same "protect

[5] General Statutes § 7-101a provides in relevant part: "(a) Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission,

and save harmless" language in the context of affording certain protections to a municipal officer or employee against whom a legal claim has been asserted, as an indemnification statute. *Orticelli* v. *Powers*, 197 Conn. 9, 11, 495 A.2d 1023 (1985); see *West Haven* v. *Hartford Ins. Co.*, 221 Conn. 149, 159, 602 A.2d 988 (1992); *Norwich* v. *Silverberg*, 200 Conn. 367, 369–70, 511 A.2d 336 (1986). General Statutes § 7-101a (a) requires a municipality to "protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission . . . or any municipal employee . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of [inter alia] alleged negligence . . . while acting in the discharge of his duties." Thus, the "protect and save harmless" language of § 10-235 (b) clearly mandates that a board of education indemnify a teacher for conduct that falls within its purview.

The plaintiff nevertheless argues that, although subsection (a) of § 10-235 is an indemnification provision,

including any member of a local emergency planning committee appointed from such municipality pursuant to section 22a-601, or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

"(b) In addition to the protection provided under subsection (a) of this section, each municipality shall protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act. . . ."

the language of subsection (b) imposes a different, broader duty, namely, a duty to defend rather than a duty to indemnify. Specifically, the plaintiff argues that a duty to defend is implied from the language in the last sentence of General Statutes § 10-235 (b), which provides in relevant part that, "[i]n the event [that a] . . . teacher . . . has a judgment entered against him for a malicious, wanton or wilful act in a court of law, [the] board of education . . . shall be reimbursed by such . . . teacher . . . for expenses it incurred in providing such defense and shall not be held liable to such . . . teacher . . . for any financial loss or expense resulting from such act." The plaintiff contends that, based on the foregoing language, a board of education is obligated to provide a teacher with the appointment of counsel in the first instance. We are unpersuaded.

The plaintiff maintains that the language of the last sentence of subsection (b), which requires a teacher to reimburse a board of education for legal expenses it incurs in providing the teacher with a defense in cases in which a court renders judgment against the teacher for malicious, wanton or wilful conduct, suggests that the legislature intended for subsection (b) to impose a duty to defend upon boards of education. Section 10-235 (b), however, contains no specific language to this effect. We conclude that, in mandating that a teacher reimburse a board of education in cases in which a judgment is rendered against the teacher, the legislature did not envision that the board of education would be compelled to provide a defense in every action brought against a teacher for wilful, wanton or malicious conduct. Rather, the legislature intended merely to provide that, in cases in which the board of education chooses to incur expenses in providing a defense and a judgment for wilful, wanton or malicious conduct subsequently is rendered against the teacher, the teacher then would

be required to reimburse the board of education for the expenses that it had incurred in providing a defense.

Well established principles of statutory construction support our conclusion that the plaintiff's interpretation of § 10-235 (b) is incorrect. As we previously stated in this opinion, in interpreting a statute, we do not interpret some clauses of a statute in a manner that nullifies other clauses but, rather, read the statute as a whole in order to reconcile all of its parts. E.g., *Iovieno* v. *Commissioner of Correction*, supra, 222 Conn. 258. "Every word and phrase is presumed to have meaning, and we do not construe statutes so as to render certain words and phrases surplusage." *State* v. *Walton*, 41 Conn. App. 831, 842–43, 678 A.2d 986 (1996), citing *Rydingsword* v. *Liberty Mutual Ins. Co.*, 224 Conn. 8, 16, 615 A.2d 1032 (1992). The first sentence of § 10-235 (b), which contains the "protect and save harmless" language, clearly mandates that a board of education indemnify a teacher in actions that fall within its purview. The indemnification required pursuant to the first sentence specifically includes "legal fees and costs . . . ." General Statutes § 10-235 (b). Thus, it is apparent from the clear language of the statute that the legislature intended to require a board of education to "protect and save harmless," that is, to indemnify, a teacher for legal expenses. Notwithstanding the existence of this duty to indemnify in the first sentence of subsection (b) of § 10-235, the plaintiff would have us read the imposition of a broader duty to defend into § 10-235 (b) by virtue of the last sentence of subsection (b). This is an untenable interpretation of the statute because a duty to indemnify for attorney's fees cannot coexist with a duty to defend: it would be impossible for a board of education to indemnify a teacher for attorney's fees if the board of education already has provided the teacher with counsel.

Furthermore, under the interpretation urged by the plaintiff, a teacher accused of negligent conduct would be entitled only to seek reimbursement for legal expenses through indemnification, whereas a teacher accused of malicious, wanton or wilful conduct would be entitled to the benefit of having the board of education provide him or her with legal representation in accordance with its duty to defend. We will not interpret § 10-235 to reach such a bizarre or absurd result. See, e.g., *Harris* v. *Zoning Commission*, 259 Conn. 402, 436, 788 A.2d 1239 (2002); cf. *Modern Cigarette, Inc.* v. *Orange*, 256 Conn. 105, 120, 774 A.2d 969 (2001) (statutes construed using common sense and assuming that reasonable and rational result was intended).

The pertinent legislative history further supports our conclusion that § 10-235 (b) is an indemnification statute. In 1990, Public Acts 1990, No. 90-325, § 21 (P.A. 90-235), amended § 10-235 by adding what is currently subsection (b). During discussion of P.A. 90-325, § 21, on the House floor, Representative Jay B. Levin stated that "[t]his amendment will clarify the law with respect to the *indemnification* of school board members and employees which is presently ambiguous in our state law. This will assure that they are provided the same protection for their non-intentional acts as are other municipal volunteers and employees." (Emphasis added.) 33 H.R. Proc., Pt. 25, 1990 Sess., pp. 8674–75. Furthermore, Representative Kevin F. Rennie stated that "[i]t is the intent of this amendment simply to clarify and to make it explicit so that there is no doubt that members of [the] board of education are included under the broad umbrella of protection currently provided in the statutes." Id., p. 8675. Additionally, Representative Levin remarked that the amendment "simply tra[cks] again the same language of *indemnification* that's available for other municipal employees at this time." (Emphasis added.) Id., p. 8676.

Having determined that the plaintiff's interpretation of § 10-235 (b), specifically the last sentence of the subsection, contravenes the clearly expressed indemnification language of the statute and its legislative history, we seek to determine whether there is another reasonable interpretation of that provision. We need look no further than the allegations of the complaint in Doe's action against the plaintiff. See, e.g., *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 580 n.15, 587 A.2d 116 (1991) (this court may take judicial notice of contents of files in other Superior Court cases). In Doe's complaint, the allegations of wilful, wanton or malicious conduct are accompanied by allegations of negligent conduct. In cases such as these, a board of education may have a duty to indemnify a teacher for costs, attorney's fees and a damages award arising out of the teacher's negligent conduct occurring in the discharge of his duties or within the scope of his employment. Because of a school board's potential exposure, it may wish to provide the teacher with legal representation rather than simply to indemnify the teacher post-judgment. If after making this election, judgment is rendered against the teacher with respect to the teacher's wilful, wanton or malicious conduct but not with respect to the teacher's negligent conduct, the board of education would be entitled to reimbursement, pursuant to the last sentence of § 10-235 (b), for the expenses that it had incurred in providing the teacher with a defense. We find this interpretation of the last sentence of § 10-235 (b) to be reasonable and consistent with the other provisions of § 10-235.

The judgment is reversed and the case is remanded with direction to render judgment in favor of the board.

In this opinion the other justices concurred.