******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WILLIAM O'BRIEN *v.* CITY OF NEW HAVEN
## (AC 39102)
## (AC 39107)

Sheldon, Prescott and Elgo, Js.

*Syllabus*

The plaintiff, who was formerly the tax assessor for the defendant, the city of New Haven, brought this action against the defendant seeking indemnification for attorney's fees and costs he sustained while defending a civil action that had been brought against him in 2010 by T Co., in which T Co. alleged misdeeds by the plaintiff arising out of his role as tax assessor. The defendant had refused to defend the plaintiff in that action, and he retained his own counsel and incurred attorney's fees and costs. The plaintiff thereafter prevailed in the underlying action in 2015 and, within four months of the judgment, filed a notice with the defendant of his intent to seek indemnification pursuant to the statute (§ 7-101a [b]) that governs indemnification claims by municipal employees against municipalities, which requires the municipality to save harmless any such municipal employee from financial loss and expense, including legal fees and costs, arising out of any claim or demand instituted against such employee by reason of alleged malicious, wanton or wilful act or ultra vires act on the part of such employee while acting in the discharge of his duties, unless judgment is rendered against the employee in the underlying action. The plaintiff commenced the present action seeking to recover those attorney's fees and costs incurred in the underlying action less than six months after judgment was rendered in that action. The defendant filed a motion to dismiss claiming that the plaintiff's notice and action were untimely pursuant to § 7-101a (d), which requires the employee to commence an action for indemnification against a municipality within two years of when the "cause of action therefor arose," and to give notice to the municipality of an intent to commence such action within six months after such "cause of action has accrued." Specifically, the defendant claimed that the term "cause of action" in § 7-101a (d) should be interpreted as the third party's cause of action against the municipal employee and, thus, referred to the tort action brought in 2010 by T Co. alleging misdeeds by the plaintiff, rendering the notice and present action, both filed in 2015, untimely. The trial court, having determined that the plaintiff's notice and action were timely filed within six months of the date that the underlying action was resolved, denied the motion to dismiss. Thereafter, the court rendered judgment in favor of the plaintiff on his complaint and awarded him attorney's fees and costs for defending the underlying action, but denied his request for attorney's fees and costs for prosecuting the present action. Both the defendant and the plaintiff appealed from that judgment, and this court consolidated the appeals. *Held*:

1. The defendant could not prevail on its claim that the trial court improperly determined that the notice and present action were timely filed: a plain reading of the text of § 7-101a (d) and its relationship to other similar statutes revealed that the plaintiff's claim for indemnification accrued, and the six month notice period and the two year limitation period began to run, when he first could have successfully held the defendant liable for the expenses that he incurred in that underlying action, which could not have occurred until that action was resolved in the plaintiff's favor, and the plaintiff's notice and action were therefore timely filed within six months of the judgment rendered in that action; moreover, the legislature could not have intended to create the bizarre and irrational result that would follow from the defendant's interpretation of § 7-101a (d), under which the six month notice period to file notice of an intention to sue could expire before the municipal employee was served with the action arising out of his allegedly tortious conduct, and although the defendant argued that notice must be given to the municipality prior to judgment in the underlying action because, otherwise, the municipality would be deprived of the opportunity to investigate, defend against, or settle the claims it may ultimately be required to indemnify, this court

declined to extend the requirement of notice beyond what the text of § 7-101a (d) required, as § 7-101a did not impose a duty to defend and there was no requirement that the municipality have prior knowledge of the underlying action for it to be liable to indemnify the employee under § 7-101a (b).

2. The trial court properly denied the plaintiff's request to recover all attorney's fees and costs incurred to prosecute the present action; although the plaintiff claimed that § 7-101a authorized the reimbursement of his expenses incurred in prosecuting the present indemnification action against the defendant, that statute authorizes an award of legal fees arising out of any claim, demand, or suit instituted "against" the officer or employee, and does not authorize an award of costs expended to enforce the right to indemnification under § 7-101a against a municipality, and because the present action for indemnification was initiated by the plaintiff, not against him, the plaintiff was not entitled under § 7-101a to the reimbursement of attorney's fees incurred in this action.

Argued September 14—officially released December 5, 2017

*Procedural History*

Action for indemnification for attorney's fees and costs sustained by the plaintiff in defending against a separate civil action brought against him, and for other relief, brought to the Superior Court in the judicial district of New Haven, and tried to the court, *Frechette, J.*; judgment for the plaintiff, from which the defendant and the plaintiff filed separate appeals to this court; thereafter, this court consolidated the appeals. *Affirmed.*

*Proloy K. Das*, with whom was *Joseph B. Schwartz*, for the appellant in AC 39102 and the appellee AC 39107 (defendant).

*Vincent F. Sabatini*, for the appellee in AC 39102 and the appellant AC 39107 (plaintiff).

*Opinion*

ELGO, J. These consolidated appeals concern the indemnification provisions of General Statutes § 7-101a. The defendant, the city of New Haven, appeals from the judgment of the trial court in favor of the plaintiff, William O'Brien, its former tax assessor, awarding him the attorney's fees and costs that he incurred in defending himself in a prior action brought by a third party.[1] In its appeal, the defendant claims that the plaintiff's action for indemnification was barred because he failed to comply with the notice requirement and time limitations of § 7-101a (d). In his appeal, the plaintiff challenges the trial court's denial of his request for the attorney's fees and costs that he incurred in bringing the present action, claiming that § 7-101a authorizes such an award.[2] We affirm the judgment of the trial court.

The following facts and procedural history, as set forth in the trial court's memorandum of decision, are relevant to this appeal. "On November 20, 2010, the plaintiff was sued by Tax Data Solutions, LLC (Tax Data), in the action of *Tax Data Solutions, LLC* v. *O'Brien*, Superior Court, judicial district of New Haven, Docket No. CV-10-6016263-S [prior action]. In that action, Tax Data alleged that [while] the plaintiff was the tax assessor for the defendant . . . Tax Data was subjected to various misdeeds by the plaintiff. Upon receiving notice of the lawsuit, the plaintiff contacted the defendant by way of the mayor and the defendant's counsel, Victor Bolden, and requested that the defendant provide the plaintiff with legal representation in the [action] since it involved his duties as tax assessor. The defendant refused . . . the plaintiff's request, even after judgment entered in his favor in the [prior action].

"The plaintiff further alleges that he then hired private counsel, the law firm of Sabatini and Associates, LLC, in order to convince the defendant to provide [him] with legal representation. The defendant continued to refuse to provide legal representation, and on December 22, 2010, Bolden wrote a letter to the plaintiff's counsel wherein he stated that the defendant would not provide a defense, but pursuant to [§] 7-101a (b), if no judgment was rendered against the plaintiff, then the defendant would indemnify him for financial loss and expenses, which included attorney's fees, provided he was also acting in the discharge of his duties. The plaintiff subsequently retained Sabatini and Associates, LLC, to defend him in the [prior action], and he expended money for the legal services and fees associated with his defense.

"In the [prior] action, the court [rendered] judgment in the plaintiff's favor on January 15, 2015. The plaintiff further alleges that as a result of this favorable judgment, Sabatini and Associates, LLC, presented the

defendant with the plaintiff's bill for attorney's fees, but the defendant again refused to pay said fees, despite having an obligation to defend or indemnify the plaintiff pursuant to § 7-101a."

Pursuant to § 7-101a (d), on April 24, 2015, the plaintiff filed a notice with the defendant's city clerk of his intention to bring an action for indemnification. On May 26, 2015, the plaintiff commenced the present action by service of process on the defendant's city clerk.

The trial court continued: "On July 14, 2015, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that the plaintiff failed to provide timely and proper notice required by § 7-101a. The court . . . issued a memorandum of decision on November 10, 2015, denying the defendant's motion to dismiss on the ground that the notice provided to the defendant on April 24, 2015, was timely, as it was filed with the defendant's [city] clerk within six months of receiving a final judgment in the [prior] action.

"The plaintiff then filed an amended complaint on December 15, 2015, alleging the same facts as his original complaint, but revising his prayer for relief. The defendant filed an answer and special defense to the plaintiff's amended complaint on December 22, 2015, denying or leaving the plaintiff to his proof as to the allegations in the amended complaint. As for the defendant's special defense, it allege[d] that the plaintiff's claim is barred because the notice provided by the plaintiff to the defendant was untimely and improper. On December 23, 2015, the plaintiff filed a response to the defendant's special defense, alleging that the issue of notice was previously adjudicated by the court [when it] denied the defendant's motion to dismiss."

The matter was tried to the court. In its memorandum of decision dated March 29, 2016, the court concluded that (1) the notice provided by the plaintiff to the defendant pursuant to § 7-101a (d) was proper and timely; (2) the plaintiff was entitled to recoup attorney's fees and costs he expended to defend himself in the prior action; but (3) the plaintiff was not entitled to recoup costs and attorney's fees he incurred to prosecute the present action against the defendant.[3] These appeals followed.

I

The principal question raised by the defendant's appeal is when did the plaintiff's cause of action for indemnification pursuant to § 7-101a (b) accrue for the purposes of the notice requirement and time limitations set forth in § 7-101a (d). The defendant maintains that the time limitations in § 7-101a (d) began to run when Tax Data's cause of action against the plaintiff arose in 2010, and that therefore, the present action was not timely filed.

At the outset, we note that "[i]ssues of statutory con-

struction raise questions of law, over which we exercise plenary review." (Internal quotation marks omitted.) *State* v. *Jackson*, 153 Conn. App. 639, 643, 103 A.3d 166 (2014) cert. denied, 315 Conn. 912, 106 A.3d 305 (2015); see also *Dark-Eyes* v. *Commissioner of Revenue Services*, 276 Conn. 559, 570, 887 A.2d 848 (2006) (statutory interpretation gives rise to issue of law over which this court's review is plenary).

We first set forth the relevant statutory language of § 7-101a. Section 7-101a (a) provides in relevant part: "Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission . . . or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties."

Section 7-101a (b) provides: "In addition to the protection provided under subsection (a) of this section, each municipality shall protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act."

Subsections (a) and (b) of § 7-101a plainly provide three causes of action: (1) a municipal employee's indemnification action pursuant to § 7-101a (a); (2) a municipal employee's indemnification action pursuant to § 7-101a (b); and (3) a municipality's reimbursement action pursuant to § 7-101a (b). In order to bring an action under either subsection (a) or (b) of § 7-101a, the municipal employee must comply with the time limitations and notice requirement set forth in § 7-101a (d).

Section 7-101a (d) provides in relevant part: "No action shall be maintained under this section against such municipality . . . unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within

six months after such cause of action has accrued."

The following principles governing statutory construction are well established and guide our analysis. "When construing a statute, our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) *State* v. *Drupals*, 306 Conn. 149, 159, 49 A.3d 962 (2012). We note that, under General Statutes § 1-2z, "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." "The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Internal quotation marks omitted.) *State* v. *Drupals*, supra, 159, citing *Weems* v. *Citigroup, Inc.*, 289 Conn. 769, 779, 961 A.2d 349 (2008).

"[S]tatutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant . . . ." (Internal quotation marks omitted.) *Housatonic Railroad Co.* v. *Commissioner of Revenue Services*, 301 Conn. 268, 303, 21 A.3d 759 (2011). "When a statute is not plain and unambiguous, we also look for interpretative guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *State* v. *Drupals*, supra, 306 Conn. 159, citing *Francis* v. *Fonfara*, 303 Conn. 292, 297, 33 A.3d 185 (2012).

"When the meaning of a statute initially may be determined from the text of the statute and its relationship to other statutes . . . extratextual evidence of the meaning of the statute shall not be considered. . . . When the meaning of a provision cannot be gleaned from examining the text of the statute and other related statutes without yielding an absurd or unworkable result, extratextual evidence may be consulted. . . . [E]very case of statutory interpretation . . . requires a threshold determination as to whether the provision under consideration is plain and unambiguous. This threshold determination then governs whether extratextual sources can be used as an interpretive tool. . . . [O]ur case law is clear that ambiguity exists only if the statutory language at issue is susceptible to more than one plausible interpretation." (Citation omitted; internal quotation marks omitted.) *State* v. *Jackson*, supra,

"A primary rule of statutory construction is that if the language of the statute is clear, it is presumed that the words express the intent of the legislature. . . . The court must interpret the statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation. . . . By its terms . . . § 7-101a (a) is a provision in this indemnification statute which protects municipal officers and full-time municipal employees from financial loss and expenses arising out of damage suits . . . . Subsection (d) of . . . § 7-101a specifically limits its application to actions maintained under . . . § 7-101a." (Citations omitted; internal quotation marks omitted.) *Orticelli* v. *Powers*, 197 Conn. 9, 13–14, 495 A.2d 1023 (1985).

As the plain language of § 7-101a reveals, the key difference between indemnification actions under subsections (a) and (b) involves the type of allegations against the municipal officer or employee in the prior action and the result of that prior action. If the prior action involves allegations of negligence or infringement of any person's civil rights on the part of the municipal officer or employee, then the municipal officer or employee can maintain an action against the municipality under § 7-101a (a). If the prior action involves allegations of malicious, wanton or wilful acts or ultra vires acts on the part of the municipal officer or employee, the indemnification action by the employee is maintained under § 7-101a (b). According to § 7-101a (b), however, the municipality will not be liable to the municipal officer or employee if the officer or employee has a judgment entered against him or her for a malicious, wanton or wilful act in a court of law.[4] If the municipal officer or employee has a judgment entered against him or her for a malicious, wanton or wilful act in a court of law, and the municipality has expended resources in providing a defense for him or her in that action, the municipal officer or employee will be liable to the municipality for all expenses that the municipality incurred in providing that defense.[5]

In the present case, it is uncontested that Tax Data's complaint in the prior action included allegations of malicious, wanton or wilful acts or ultra vires acts on the part of the plaintiff. As a result, the plaintiff's indemnification action here is maintained under § 7-101a (b).

As previously discussed, to maintain an indemnification action pursuant to § 7-101a (b), the municipal employee must comply with the notice requirement and time limitations of § 7-101a (d). The phrase "under this section" in § 7-101a (d) restricts its time limitations and notice provision to apply only to actions maintained under § 7-101a (a) and (b).[6] As our Supreme Court has recognized, "[a] plain reading of the whole statute indicates that the limitation and notice provisions of § 7-

101a (d) are applicable only to actions for indemnification maintained under § 7-101a (a) and to an action for reimbursement of defense expenses pursuant to § 7-101a (b)." *Orticelli* v. *Powers*, supra, 197 Conn. 14. "Subsection (d) of . . . § 7-101a specifically limits its application to actions maintained under . . . § 7-101a." Id. It logically follows that the party required to file such notice with the clerk of the municipality in an indemnification action pursuant to § 7-101a (b) is the municipal employee seeking indemnification pursuant to § 7-101a (b). See *Cannada* v. *Grady*, Superior Court, judicial district of Hartford, Docket No. CV-98-0584296 (September 7, 2001) (30 Conn. L. Rptr. 404, 406).

The text of § 7-101a (d) provides that the two year time limitation begins when the "cause of action therefor arose" and the six month time frame for notice begins when the "cause of action has accrued." As our Supreme Court has explained, "[a]pplied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. . . . While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Citation omitted; internal quotation marks omitted.) *Coelho* v. *ITT Hartford*, 251 Conn. 106, 111, 752 A.2d 1063 (1999). Accordingly, under established precedent, to determine when a cause of action has accrued for purposes of an indemnification action under § 7-101a (b), we look to when the plaintiff first could successfully bring such an action.

We now turn to the question of when the time limitations and notice requirement set forth in § 7-101a (d) begin to run for purposes of a § 7-101a indemnification action, an issue on which the decisions of our Superior Courts are divided.[7] Several trial court decisions have held that the notice requirement and time limitations in § 7-101a (d) begin to run when the prior action is resolved. See *Spatola* v. *New Milford*, Superior Court, judicial district of Litchfield, Docket No. CV-07-4005617-S (September 26, 2007) (44 Conn. L. Rptr. 242, 243); *Cannada* v. *Grady*, supra, 30 Conn. L. Rptr. 406; *Knapp* v. *Derby*, Superior Court, judicial district of Ansonia-Milford, Docket No. 95-0049918-S (January 15, 1998) (21 Conn. L. Rptr. 149, 150). Other trial court decisions have held that the notice requirement and time limitations in § 7-101a (d) begin to run when the third party tortious cause of action against the employee arises. See *Deleon* v. *Winiarski*, Superior Court, judicial district of Hartford, Docket No. CV-00-0800607-S (March 8, 2001); *Cooney* v. *Montes*, Superior Court, judicial district of Hartford, Docket No. CV-90-0372152-S (May 18, 1992) (6 Conn. L. Rptr. 442).

The court in the present case determined that the notice requirement and time limitations in § 7-101a (d) began to run when the prior action was resolved. The defendant raises several arguments challenging the propriety of that determination.

It is well established that the law favors rational and sensible statutory construction. See, e.g., *Maciejewski* v. *West Hartford*, 194 Conn. 139, 151–52, 480 A.2d 519 (1984) ("The unreasonableness of the result obtained by the acceptance of one possible alternative interpretation of an act is a reason for rejecting that interpretation in favor of another which would provide a result that is reasonable. . . . When two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." [Citations omitted; internal quotation marks omitted.]) To hold that the term "cause of action" as used in § 7-101a (d) refers to the alleged tortious conduct underlying the prior action would create an irrational result. For example, the six month time limitation to file notice of an intention to sue required by § 7-101a (d) could expire before the officer or employee has been sued for the allegedly tortious conduct. In such circumstances, the employee or officer would lose the protections of § 7-101a due to the inability to give timely notice to the municipality. The legislature could not have intended such a bizarre result.

We next address the defendant's arguments in support of its claim that "cause of action," as used in § 7-101a (d), refers to the cause of action in the prior action. The defendant cites to our Supreme Court's decisions in *Orticelli* v. *Powers*, supra, 197 Conn. 9, and *Norwich* v. *Silverberg*, 200 Conn. 367, 511 A.2d 336 (1986), to support its interpretation of § 7-101a (d). Those cases, however, did not involve the application of § 7-101a (d) to a cause of action properly brought pursuant to § 7-101a (a) or (b).

In *Orticelli* v. *Powers*, supra, 197 Conn. 9, the plaintiff brought an action alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 against the defendants, the Town of Bethel's Board of Education and its members, for wrongful termination of his teaching contract. The defendants claimed that the plaintiff's cause of action was barred due to his noncompliance with the time limitations of § 7-101a (d). Our Supreme Court held that § 7-101a (d) had no application to the plaintiff's § 1983 action.[8] Id., 14. In *Norwich* v. *Silverberg*, supra, 200 Conn. 367, the plaintiff city brought a legal malpractice action against its municipal employee. The municipal employee, in turn, attempted to bring an indemnification action against the city under § 7-101a. Id. Our Supreme Court held that § 7-101a did not apply to actions involving a municipality suing its own employee, thus, the court did not apply the notice

requirement and time limitations of § 7-101a (d) to the case. Id., 375. Unlike in *Orticelli* and *Norwich*, the plaintiff in the present case has properly pursued a § 7-101a (b) indemnification action against the defendant to recover expenses that he incurred in a prior action initiated by a third party. Hence, the cases cited provide no support for the defendant's argument.

To further support its contention that the term "cause of action" in § 7-101a (d) refers to the third party's cause of action against the plaintiff in the prior action, the defendant argues that notice must be given to the municipality prior to judgment in the prior action because, otherwise, the municipality would be deprived of the opportunity to investigate, defend against, or settle the claims it may ultimately be required to indemnify, and the municipality would likely be without insurance coverage for the loss. The defendant contends that its interpretation of "cause of action" is supported by the legislature's inclusion of § 7-101a (c), which authorizes municipalities to purchase liability insurance.

Section 7-101a (c) provides: "Each such municipality may insure against the liability imposed by this section in any insurance company organized in this state or in any insurance company of another state authorized to write such insurance in this state or may elect to act as self-insurer of such liability." The defendant argues that if a municipality was not informed of the third-party claim before judgment was rendered in the underlying action, it would not be able to inform its insurance carrier of a potential claim and the insurer would be unable to investigate and defend that claim. The defendant claims that, ultimately, the municipality would be without insurance coverage for such claims. As the Supreme Court stated in *Norwich* v. *Silverberg*, supra, 200 Conn. 372, "subsection [(c) of § 7-101a] authorizes municipalities to purchase insurance to cover 'the liability imposed by [§ 7-101a].' " There is no evidence in the record before this court, however, that insurance coverage for such claims would not be available. Further, a municipality's ability or inability to obtain insurance coverage authorized by subsection (c) is a separate matter. We decline to consider such extratextual evidence in our analysis.

The defendant also argues that the reimbursement language in § 7-101a (b) presupposes that the municipality will be aware of the third party's action against the municipal employee. We acknowledge that a reimbursement of defense expenses would only occur if the municipality provided a defense in the prior action, and that a defense can be mounted only if the municipality has knowledge of the prior action. Knowledge of the prior action, however, is not required for a municipality to be liable to indemnify its employee under § 7-101a (b).[9] The requirement of notice for a municipal officer or employee to bring a § 7-101a action against the

municipality is contained within § 7-101a (d), and we decline to extend the requirement of notice beyond what the text of the statute requires.

At oral argument before this court, the defendant claimed that § 7-101a imposed on the municipality a duty to defend, citing to the word "protect" in § 7-101a (a) and (b). The defendant's interpretation of "cause of action" might have some merit if the provisions of § 7-101a incorporated a duty to defend, as that might provide some relationship between the notice required for a § 7-101a action and the cause of action in the prior action. Our Supreme Court, however, in *Vibert* v. *Board of Education*, 260 Conn. 167, 174–76, 793 A.2d 1076 (2002), has stated that the language "protect and save harmless" establishes a duty to indemnify, not a duty to defend. The court in *Vibert* noted that General Statutes § 10-235[10] contained the same "protect and save harmless" language as set forth in § 7-101a. Id., 173–74 ("we previously have interpreted . . . § 7-101a, a statute that uses the same 'protect and save harmless' language [as § 10-235] in the context of affording certain protections to a municipal officer or employee against whom a legal claim has been asserted, as an indemnification statute" [footnote omitted]). In recognizing that the "protect and save harmless" language of § 10-235 (b) "clearly mandates that a board of education indemnify a teacher for conduct falling within the purview of that subsection"; id., 173; our Supreme Court concluded that the reimbursement language in § 10-235 (b) did not impose a duty to defend. Id., 173–75. "Rather, the legislature intended merely to provide that, in cases in which the board of education *chooses to incur expenses in providing a defense and a judgment for wilful, wanton or malicious conduct subsequently is rendered against the teacher*, the teacher then would be required to reimburse the board of education for the expenses that it had incurred in providing a defense." (Emphasis added.) Id., 175–76.

Our Supreme Court's analysis in *Vibert* compels a similar conclusion here. Indeed, at oral argument before this court, the defendant stated that "the city has to have the opportunity to determine whether to defend," effectively conceding that § 7-101a imposes no duty to defend on the municipality because the opportunity to choose to defend is, by its very nature, not a duty to defend. Although the language of § 7-101a suggests that a municipality may choose to defend its employees, nothing in its provisions imposes upon it a duty to defend.[11]

Further, the defendant argues that § 7-101a (d) contains no provision regarding the municipality "reimbursing" the employee after a judgment has been rendered. As previously discussed, pursuant to § 7-101a (b), the municipality will not be liable to the municipal officer or employee if the officer or employee has a judgment

rendered against him or her in a court of law for malicious, wanton or wilful acts. Therefore, the municipal officer or employee will not be able to successfully maintain an action against the municipality until there is a determination of the prior action in the employee's favor. Although the defendant is correct that § 7-101a (b) does not include the same reimbursement language for the municipal employee, it does include an obligation for the municipality to "protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act. . . ."[12] General Statutes § 7-101a (b).

Despite the numerous arguments presented by the defendant to support its contention that the term "cause of action" in § 7-101a (d) should be interpreted as the third party's cause of action against the municipal officer or employee in the prior action, we ultimately are not persuaded. According to the text of § 7-101a itself, and its relationship to other similar statutes, the cause of action for the plaintiff's claim for indemnification accrued, and the six month notice period and the two year limitation period of § 7-101a (d) began to run, when the plaintiff first could have successfully held the defendant liable. The plaintiff could not have successfully done so under § 7-101a (b) until the prior action concluded, which occurred on January 15, 2015. Because notice was provided to the defendant on April 24, 2015, it therefore was timely filed with the defendant's city clerk within the six month period. Further, the plaintiff commenced the indemnification action on May 26, 2015, thereby satisfying the two year time limitation of § 7-101a (d) as well.

II

We next consider the plaintiff's appeal. In its memorandum of decision, the trial court denied the plaintiff's request to recover all attorney's fees and costs he incurred to prosecute the present indemnification action. The plaintiff claims that the phrase "financial loss" in § 7-101a authorizes the reimbursement of his expenses incurred in prosecuting this action against the defendant.[13] The defendant argues that the plaintiff is not entitled to recover the attorney's fees and costs he expended in the present action because § 7-101a (b) does not authorize the recovery of such attorney's fees and costs. We agree with the defendant.

"It is well entrenched in our jurisprudence that Connecticut adheres to the American rule. . . . Under the American rule, a party cannot recover attorneys' fees in the absence of statutory authority or a contractual provision." (Citation omitted.) *Doe* v. *State*, 216 Conn. 85, 106, 579 A.2d 37 (1990); see *Gino's Pizza of East Hartford Inc*. v. *Kaplan*, 193 Conn. 135, 140, 475 A.2d

305 (1984) ("[t]he rule in Connecticut is that absent contractual or statutory authorization, each party must pay its own attorneys' fees").

Whether § 7-101a (b) authorizes an award of attorney's fees to the plaintiff presents a question of statutory construction, over which our review is plenary. See *Fennelly* v. *Norton*, 294 Conn. 484, 492, 985 A.2d 1026 (2010).

The plaintiff argues that such statutory authorization is contained in § 7-101a, which authorizes an award of legal fees "arising out of any claim, demand, or suit *instituted against such officer or employee. . . .*" (Emphasis added.) Unlike the prior action, the present action was not instituted against an officer or employee. Rather, the attorney's fees and costs that the plaintiff seeks to recover involve an action that the municipal employee or officer initiated against a municipality. Section 7-101a does not authorize an award of costs expended to enforce the right to indemnification under § 7-101a against a municipality. See *Link* v. *Shelton*, 186 Conn. 623, 632, 443 A.2d 902 (1982) (concluding that legislature, in authorizing indemnification for attorney's fees sustained "as a result of such prosecution," did not authorize recovery of attorney's fees sustained as result of separate action to enforce right to indemnification [emphasis omitted]). Because § 7-101a does not authorize reimbursement of attorney's fees that the plaintiff incurred in the present § 7-101a action to enforce the defendant's statutory indemnity obligation, the plaintiff is not entitled to the reimbursement of attorney's fees that he incurred in this action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] *Tax Data Solutions, LLC* v. *O'Brien*, Superior Court, judicial district of New Haven, Docket No. CV-10-6016263-S.

[2] We note that the court awarded attorney's fees and costs that the plaintiff expended to defend himself in the prior action, but denied his request for attorney's fees and costs he expended to prosecute the present § 7-101a (b) indemnification action against the defendant.

[3] Although not at issue in this appeal, the court additionally held that (1) in the prior action against the plaintiff, he was clearly acting within the discharge of his duties; (2) the defendant did not breach a contractual obligation with the plaintiff by failing to pay the plaintiff's attorneys fees and costs; (3) the defendant did not breach the covenant of good faith and fair dealing with the plaintiff; and (4) the defendant's actions do not constitute negligent misrepresentation.

[4] Section 7-101a (b) provides in relevant part: "In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality . . . *shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.*" (Emphasis added.) Accordingly, in an indemnification action under § 7-101a (b), the prior action cannot result in a judgment against the plaintiff for any conduct involving malicious wanton or wilful acts or ultra vires acts.

[5] Section 7-101a (b) provides in relevant part: "In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality *shall be reimbursed by such officer or employee for expenses it incurred in providing such defense . . . .*" (Emphasis added.)

[6] Section 7-101a (d) provides: "No action shall be maintained *under this*

*section* against such municipality *or employee* unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued." (Emphasis added.)

[7] Although the notice requirement and time limitations of § 7-101a appear to be similar to General Statutes § 7-465, the statutes provide for different types of actions and, thus, involve different causes of action to trigger the time limitations. It is important to note that "[u]nlike [§] 7-465, which permits a plaintiff to bring a claim against a municipality to indemnify [its] employees, [§] 7-101a provides indemnification to the employee from the municipality, and does not contain a direct action by a non-employee plaintiff against the municipality." *Edwards* v. *Cornell*, United States District Court, Docket No. 3:13-CV-878 (WIG), 2017 U.S. Dist. LEXIS 147878, *11 (D. Conn. Sept. 13, 2017). Section 7-465 (a) provides in relevant part: "No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose and written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. . . ."

[8] The defendant mischaracterizes dicta in *Orticelli* in support of its position. Specifically, the defendant represents in its brief that the Supreme Court "did not recognize a right for a municipal employee to sue a municipality under [§] 7-101a (b)," the plaintiff's cause of action in this case. As previously discussed, the plain language makes clear there are three distinct causes of action in § 7-101a (a) and (b). Further, the Supreme Court, used the language cited by the defendant to clarify what the phrase "or employee" in § 7-101a (d) refers to and not for purposes of excluding the right for a municipal employee to sue a municipality under § 7-101a (b). The Supreme Court stated that "or employee" as used in § 7-101a (d) "places a time limitation on the action a municipality can take against an employee for reimbursement of defense expenses pursuant to . . . § 7-101a (b) in cases involving malicious, wanton and wilful or ultra vires acts of municipal officers and employees." *Orticelli* v. *Powers*, supra, 197 Conn. 14. The Supreme Court's failure to comment on the employee's cause of action under § 7-101a (b) does not, as the defendant implies, constitute a determination that employees are limited to a cause of action under § 7-101a (a). The statute plainly provides for a municipal employee's indemnification action pursuant to § 7-101a (b).

[9] In addition, the defendant suggests that the trial court's interpretation of the statute would render the statute unconstitutional under the due process clause of the federal and state constitutions. The defendant has not provided this court with any legal authority on point to substantiate that general assertion. We therefore decline to further consider that contention. *Turner* v. *American Car Rental, Inc.*, 92 Conn. App. 123, 130, 884 A.2d 7 (2005) ("We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failing to brief the issue properly." [Internal quotation marks omitted.]).

[10] General Statutes § 10-235 provides in relevant part: "(a) Each board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence . . . or any other acts . . . resulting in any injury, which acts are not wanton, reckless or malicious, provided such teacher . . . was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education . . . .

"(b) . . . [E]ach local and regional board of education and each charter school shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such . . . teacher . . . by reason of alleged malicious, wanton or wilful act or ultra vires act . . . while acting in the discharge of his duties. In the event such member, teacher or other employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such board of education or charter school shall be reimbursed by such . . . teacher . . . for expenses it incurred in provid-

ing such defense and shall not be held liable to such . . . teacher . . . for any financial loss or expense resulting from such act. . . ."

[11] As the facts of this case demonstrate, the defendant, through its counsel, recognized it did not have a duty to defend at the outset and exercised its choice not to do so. In fact, the defendant informed the plaintiff that it would not provide a defense, but that pursuant to § 7-101a (b), if no judgment was rendered against him, then the defendant would indemnify him.

[12] To further support the defendant's interpretation of when the cause of action accrues, the defendant reasons that the use of the different terms—"action" and "cause of action"—in § 7-101a (d) means that the two terms are to have separate meanings. The defendant cites to *State* v. *Walton*, 41 Conn. App. 831, 842–43, 678 A.2d. 986 (1996), to support its interpretation. A plain reading of the statute reveals the word "action" refers to a § 7-101a action and the "cause of action" for a § 7-101a action accrues when the plaintiff could have held the defendant liable for the § 7-101a action.

[13] Section 7-101a (b) provides in relevant part that "each municipality shall protect and save harmless any such municipal officer or municipal employee from *financial loss* and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee . . . ." (Emphasis added.)