******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILLIAM O'BRIEN *v.* CITY OF NEW HAVEN
(SC 20069)

Palmer, McDonald, D'Auria, Mullins, Kahn and Ecker, Js.

Argued December 13, 2018—officially released February 26, 2019

*Procedural History*

Action for indemnification of attorney's fees and costs incurred by the plaintiff in defending a separate action brought against him, and for other relief, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Frechette, J.*; judgment for the plaintiff, from which the defendant and the plaintiff filed separate appeals with the Appellate Court, where the appeals were consolidated; thereafter, the Appellate Court, *Sheldon*, *Prescott* and *Elgo, Js.*, affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Proloy K. Das*, with whom was *Rachel Snow Kindseth*, for the appellant (defendant).

*Vincent F. Sabatini*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, William O'Brien, the former tax assessor of the defendant, the city of New Haven (city), commenced this action, seeking indemnification pursuant to General Statutes § 7-101a (b)[1] for the attorney's fees and costs he incurred in successfully defending himself in a prior action brought by a third party, Tax Data Solutions, LLC. Following a court trial, the court rendered judgment for O'Brien and awarded him the attorney's fees and costs he incurred in that prior action. On appeal to the Appellate Court, the city claimed that the trial court incorrectly concluded that O'Brien's claim was not time barred under § 7-101a (d), which provides that no action against a municipality for indemnification under § 7-101a may be maintained unless that action is "commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued." The Appellate Court rejected the city's claim, holding that the "cause of action" referred to in § 7-101a (d) is the cause of action for indemnification and not, as the city had maintained, the earlier, underlying action in which the attorney's fees and costs were incurred. See *O'Brien* v. *New Haven*, 178 Conn. App. 469, 487–88, 175 A.3d 589 (2017). The Appellate Court therefore concluded that the present indemnification action did not arise until judgment had been rendered for O'Brien in the action brought against him by Tax Data Solutions, LLC. See id. Because O'Brien commenced the present action within two years of that date and provided the statutorily required notice within six months of that date, the Appellate Court further concluded that the trial court properly had determined that the present action was timely. See id., 488. We granted the city's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the judgment of the trial court interpreting when [O'Brien's] cause of action for indemnification accrued for the purposes of the notice requirement and time limitations set forth in . . . § 7-101a (d)?" *O'Brien* v. *New Haven*, 328 Conn. 909, 178 A.3d 1041 (2018).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] General Statutes § 7-101a (b) provides generally that a municipality shall indemnify any municipal officer or employee who, having been sued for malicious, wanton or wilful acts, or ultra vires acts in the discharge of his or her duties, incurs "financial loss and expense, including legal fees and costs," arising out of such action, unless a judgment has been rendered

against that officer or employee for any such acts. In its separate action against O'Brien, Tax Data Solutions, LLC, alleged that he had engaged in malicious, wanton or wilful acts or ultra vires acts, but the trial court in that case rendered judgment for O'Brien.

―――――――――――――――――――――