AMERICAN PROMOTIONAL EVENTS, INC. *v.*
RICHARD BLUMENTHAL ET AL.
(SC 17868)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.*

* The listing of justices reflects their seniority status as of the date of oral argument.

Argued May 15, 2007—officially released January 22, 2008

*Terrence M. O'Neill,* assistant attorney general, with whom was *Michael J. Lanoue,* assistant attorney general, and, on the brief, *Henri Alexandre,* assistant attorney general, for the appellants (defendants).

*F. Jerome O'Malley,* for the appellee (plaintiff).

*Opinion*

PALMER, J. The sole issue raised by this appeal is whether the trial court correctly concluded that a firework known and marketed as "Piccolo Pete" is a "foun-

tain" within the meaning of General Statutes § 29-356[1] and, therefore, exempt from the general prohibition against fireworks contained in General Statutes § 29-357.[2] The plaintiff, American Promotional Events, Inc.,

[1] General Statutes § 29-356 provides: "(1) 'Fireworks' means and includes any combustible or explosive composition, or any substance or combination of substances or article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and includes blank cartridges, toy pistols, toy cannons, toy canes or toy guns in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, Daygo bombs, and any fireworks containing any explosive or flammable compound, or any tablets or other device containing any explosive substance, except that the term 'fireworks' shall not include sparklers and fountains and toy pistols, toy canes, toy guns or other devices in which paper caps manufactured in accordance with the regulations of the United States Interstate Commerce Commission or its successor agency for packing and shipping of toy paper caps are used and toy pistol paper caps manufactured as provided therein.

"(2) 'Sparklers' means a wire or stick coated with pyrotechnic composition that produces a shower of sparks upon ignition.

"(3) 'Fountain' means any cardboard or heavy paper cone or cylindrical tube containing pyrotechnic mixture that upon ignition produces a shower of colored sparks or smoke. 'Fountain' includes, but is not limited to, (A) a spike fountain, which provides a spike for insertion into the ground, (B) a base fountain which has a wooden or plastic base for placing on the ground, or (C) a handle fountain which is a handheld device with a wooden or cardboard handle."

All references in this opinion to § 29-356 are to the current revision unless otherwise indicated.

[2] General Statutes § 29-357 provides in relevant part: "(a) Except as provided in subsection (b) of this section, no person, firm or corporation shall offer for sale, expose for sale, sell at retail or use or explode or possess with intent to sell, use or explode any fireworks. A person who is sixteen years of age or older may offer for sale, expose for sale, sell at retail, purchase, use or possess with intent to sell or use sparklers or fountains of not more than one hundred grams of pyrotechnic mixture per item, which are nonexplosive and nonaerial, provided (1) such sparklers and fountains do not contain magnesium, except for magnalium or magnesium-aluminum alloy, (2) such sparklers and fountains containing any chlorate or perchlorate salts do not exceed five grams of composition per item, and (3) when more than one fountain is mounted on a common base, the total pyrotechnic composition does not exceed two hundred grams.

"(b) The State Fire Marshal shall adopt reasonable regulations, in accordance with chapter 54, for the granting of permits for supervised displays

doing business as TNT Fireworks, brought this action seeking declaratory and injunctive relief after the named defendant, Richard Blumenthal, the attorney general of the state of Connecticut,[3] issued a cease and desist order directing the plaintiff to cease any further sales or distribution of Piccolo Pete. The trial court rendered judgment for the plaintiff, concluding that Piccolo Pete is an exempt "fountain" for purposes of §§ 29-356 (3) and 29-357 (a). The trial court also enjoined the state from preventing or seeking to prevent the plaintiff from selling or distributing Piccolo Pete in this state. On appeal,[4] the state claims that the trial court incorrectly concluded that Piccolo Pete is a fountain and, therefore, subject to the statutory exemption applicable to such products. We agree with the state and, accordingly, reverse the judgment of the trial court.

The following undisputed factual and procedural background is relevant to our resolution of the state's

of fireworks or for the indoor use of pyrotechnics, sparklers and fountains for special effects by municipalities, fair associations, amusement parks, other organizations or groups of individuals or artisans in pursuit of their trade. . . .

"(d) Any person, firm or corporation violating the provisions of this section shall be fined not more than one hundred dollars or imprisoned not more than ninety days or be both fined and imprisoned, except that (1) any person, firm or corporation violating the provisions of subsection (a) of this section by offering for sale, exposing for sale or selling at retail or possessing with intent to sell any fireworks with a value exceeding ten thousand dollars shall be guilty of a class A misdemeanor, and (2) any person, firm or corporation violating any provision of subsection (b) of this section or any regulation adopted thereunder shall be guilty of a class A misdemeanor, except if death or injury results from any such violation, such person, firm or corporation shall be fined not more than ten thousand dollars or imprisoned not more than ten years, or both."

All references in this opinion to § 29-357 are to the current revision unless otherwise indicated.

[3] Leonard C. Boyle, formerly the commissioner of public safety, also is a defendant in this case. We hereinafter refer to the defendants collectively as the state.

[4] The state appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

claim. The plaintiff is an Alabama corporation engaged in the wholesale and retail sale and distribution of consumer fireworks. The plaintiff has been doing business in this state since about June, 2000, principally through large, retail chain stores. Among the products that the plaintiff sells and distributes is Piccolo Pete, a firework that, upon ignition, emits a flame, some sparks and smoke, and a loud whistling noise.

For some time prior to June 1, 2000, the use and sale of fireworks generally, including sparklers, was prohibited in this state. On that date, however, the legislature passed Public Acts 2000, No. 00-198 (P.A. 00-198), which amended General Statutes (Rev. to 1999) §§ 29-356 and 29-357. Under that amendment, the unauthorized use and sale of fireworks continued to be banned. See P.A. 00-198, § 2. Although sparklers were included in the definition of fireworks, the legislature carved out an exception for the sale and use of sparklers that were nonexplosive, nonaerial and did not contain more than 100 grams of pyrotechnic mixture per item. Id., codified at General Statutes (Rev. to 2001) § 29-357 (a).[5] Piccolo Pete meets those requirements, and the plaintiff sold and distributed Piccolo Pete as a sparkler in reliance on the provisions of P.A. 00-198.

In June, 2005, however, personnel from the office of the state fire marshal of the department of public safety conducted a field test of Piccolo Pete after being alerted by local fire marshals that the product potentially was unsafe. The test revealed that, when ignited, Piccolo

---

[5] General Statutes (Rev. to 2001) § 29-357 (a) provides: "Except as provided in subsection (b) of this section, no person, firm or corporation shall offer for sale, expose for sale, sell at retail or use or explode or possess with intent to sell, use or explode any fireworks, except, notwithstanding the provisions of section 29-356, any person who is sixteen years of age or older may offer for sale, expose for sale, sell at retail, purchase, use or possess with intent to sell or use sparklers of not more than one hundred grams of pyrotechnic mixture per item, which are nonexplosive and nonaerial."

Pete produces sparks, smoke, a whistling noise and a four to five inch open flame that lasts for five to six seconds. On June 27, 2005, acting on the state fire marshal's determination that Piccolo Pete was not a sparkler within the meaning of General Statutes (Rev. to 2005) § 29-357 (a),[6] the attorney general issued a cease and desist order requiring, inter alia, that the plaintiff immediately discontinue the sale and distribution of Piccolo Pete.[7] The plaintiff complied with the cease and desist order[8] but thereafter commenced the present action seeking both a declaratory judgment that Piccolo Pete is a lawful product and an injunction prohibiting the state from bringing or threatening to bring any enforcement action against it for the distribution or sale of Piccolo Pete in this state.

While the plaintiff's action was pending in the trial court, the legislature again amended §§ 29-356 and 29-357 in 2006. Public Acts 2006, No. 06-177, §§ 1 and 2 (P.A. 06-177) (effective June 9, 2006).[9] Under the amendments, " '[s]parklers' " are defined as a "wire or stick coated with pyrotechnic composition that produces a shower of sparks upon ignition"; id., § 1, codified at General Statutes § 29-356 (2); and " '[f]ountain' " is defined in relevant part as "any cardboard or heavy paper cone or cylindrical tube containing pyrotechnic

---

[6] The 2005 revision of § 29-357 (a) and the 2001 revision of § 29-357 (a), at which P.A. 00-198, § 2, was codified, are identical.

[7] The attorney general contended that Piccolo Pete was not exempt under P.A. 00-198, which contained no definition or description of the term "sparkler," due to the size of the exposed flame that Piccolo Pete produces and the relatively small amount of sparks that it emits.

[8] The cease and desist order also barred the plaintiff from selling or distributing "any other product" that was prohibited by General Statutes (Rev. to 2005) § 29-357. Piccolo Pete, however, is the only product that is the subject of the present action. In addition, the cease and desist order directed retailers of Piccolo Pete to cease all sales of the product. Those retailers are not parties to this litigation.

[9] Public Act 06-177 contains the current versions of §§ 29-356 and 29-357. See footnotes 1 and 2 of this opinion.

mixture that upon ignition produces a shower of colored sparks or smoke. . . ." P.A. 06-177, § 1, codified at General Statutes § 29-356 (3). Although neither sparklers nor fountains fall within the statutory definition of fireworks; see General Statutes § 29-356 (1); it is unlawful to use, sell or distribute sparklers and fountains unless they are nonexplosive, nonaerial and contain not more than 100 grams of pyrotechnic mixture per item.[10] General Statutes § 29-357 (a). In fact, the unlawful use, sale or distribution of sparklers and fountains is subject to criminal sanctions.[11] General Statutes § 29-357 (d).

At trial, both parties presented expert testimony regarding the pyrotechnic characteristics of Piccolo Pete. Wayne H. Maheu, executive director of the division of fire, emergency and building services of the department of public safety, testified for the state. According to Maheu, the field tests that he had conducted on behalf of the office of the state fire marshal revealed that Piccolo Pete produced an exposed flame of approximately four to five inches in height and five to six seconds in duration. Maheu further testified that

---

[10] The limited use of sparklers and fountains that do not meet those three requirements may be permitted in accordance with regulations adopted by the state fire marshal. See General Statutes § 29-357 (b). That type of use, however, is not at issue in this appeal.

[11] Because the cease and desist order and the present action both predated the effective date of P.A. 06-177, namely, June 9, 2006, ordinarily, that public act would not apply retroactively to the claims raised by this action. See, e.g., State v. Skakel, 276 Conn. 633, 680–81, 888 A.2d 985 (substantive criminal statutes have prospective applicability only), cert. denied, 549 U.S. 1030, 127 S. Ct. 578, 166 L. Ed. 2d 428 (2006). In view of the fact that P.A. 06-177 is identical to the current revision of §§ 29-356 and 29-357, however, it governs the rights of the parties going forward. Consequently, the parties requested that the trial court resolve the issues raised by this case under General Statutes (Rev. to 2005) §§ 29-356 and 29-357, as amended by P.A. 06-177, §§ 1 and 2, and the court agreed to do so. Accordingly, our resolution of this appeal also is governed by the 2006 amendments to General Statutes (Rev. to 2005) §§ 29-356 and 29-357, or what is now the current revision of those statutory sections.

Piccolo Pete emits only a limited amount of smoke and sparks, and that the product's dominant feature or attraction is its flame. Maheu also indicated that he was not aware of any other firework marketed or sold in Connecticut that produces a flame as large as the flame produced by Piccolo Pete.

John A. Conkling testified as an expert witness for the plaintiff. Conkling is a chemist and consultant who regularly testifies as an expert for the American Pyrotechnics Association, the primary trade association of the fireworks industry. Conkling testified that all sparklers and fountains have some sort of flame associated with them, that Piccolo Pete's most striking pyrotechnic effect is its whistle, and that a four to five inch flame with a five to six second duration is not inconsistent with the pyrotechnic effects of a fountain. In addition to hearing the expert testimony, the trial court viewed a video demonstration of an ignited Piccolo Pete.[12]

In support of its claim that Piccolo Pete is exempt from the prohibition of § 29-357, the plaintiff maintained that Piccolo Pete emits a shower of colored sparks, is nonexplosive and nonaerial, and contains not more than 100 grams of pyrotechnic mixture. The state maintained that Piccolo Pete's flame is its primary pyrotechnic effect and that Piccolo Pete does not produce sufficient sparks to constitute a "shower" of sparks within the meaning of § 29-356 (2) or (3).

The trial court issued a memorandum of decision denying the plaintiff's request for declaratory and injunctive relief. The court concluded that, although Piccolo Pete does emit "some smoke and sparks from [its] flame," it does not produce a "shower" of sparks within the meaning of § 29-356 (2) or (3) and, therefore,

---

[12] The video demonstration also had an audio component that captured the sound emitted by an ignited Piccolo Pete, in particular, its loud whistling sound.

is not a sparkler or fountain within the meaning of those statutory provisions.

The plaintiff thereafter filed a motion to reargue in which it asserted, for the first time, that, under § 29-356 (3), a firework that produces *either* a "shower of colored sparks *or smoke*" is a fountain as long as it also is nonexplosive, nonaerial and does not contain more than 100 grams of pyrotechnic mixture. (Emphasis altered.) The plaintiff further maintained that, because Piccolo Pete produces at least some smoke and otherwise meets the requirements of § 29-356 (3), it is a fountain and, therefore, exempt from the general ban on fireworks. See General Statutes § 29-357 (a). In response to the plaintiff's motion, the state claimed that § 29-356 (3) must be construed to require either a shower of colored sparks or a *shower* of smoke. According to the state, Piccolo Pete does not satisfy the latter requirement because it only produces a small amount of smoke, and the minimal amount of smoke that it does produce is ancillary to its primary pyrotechnic effect, which, the state asserted, is its four to five inch flame.

The trial court granted the plaintiff's motion and, after reargument, issued a second memorandum of decision in which it concluded that, "since Piccolo Pete emits smoke," it is a fountain within the meaning of § 29-356 (3). In accordance with its conclusion, the trial court rendered judgment for the plaintiff and issued an injunction prohibiting the state from taking any action against the plaintiff or its retail agents for selling or distributing Piccolo Pete.

On appeal, the state claims that the trial court incorrectly concluded that Piccolo Pete is a fountain within the meaning of § 29-356 (3) merely because it emits smoke. In particular, the state maintains that, to fall within the statutory definition of "fountain," a firework

that does not produce a shower of sparks must, alternatively, produce a *shower* of smoke, not just some smoke, and otherwise meet the requirements of § 29-356 (3).[13] In support of its claim, the state notes, and the plaintiff concedes, that *all* fireworks produce at least some smoke,[14] and, therefore, to construe § 29-356 (3) as merely requiring the emission of smoke, no matter how small the amount, would render superfluous the provision of § 29-356 (3) exempting fireworks that produce a "shower of colored sparks . . . ." The state further maintains that, reading §§ 29-356 and 29-357 together, it is apparent that the legislature did not intend to grant an exemption to an otherwise prohibited firework unless the firework's *predominant* pyrotechnic effect is a shower of sparks or a shower of smoke. The state contends that Piccolo Pete fails that test because the four to five inch flame that Piccolo Pete produces, and not the smoke that it emits, is the product's primary pyrotechnic effect. We agree with the state.[15]

The state's claim raises an issue of statutory interpretation. "It is well settled that in construing statutes, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . [W]e seek to determine, in a reasoned manner, the

---

[13] As we previously have explained, there is no dispute that Piccolo Pete satisfies those other statutory requirements, that is, it is nonexplosive, nonaerial and contains not more than 100 grams of pyrotechnic mixture.

[14] The plaintiff conceded this fact at oral argument before this court.

[15] The state also maintains that the trial court should not have granted the plaintiff's motion to reargue because that motion was predicated on a claim that the plaintiff previously had not raised, namely, that because Piccolo Pete produces at least some smoke, it is a fountain within the meaning of § 29-356 (3). As the plaintiff asserts, however, a trial court has broad discretion to reconsider a ruling in the interests of justice, and the state, therefore, has a heavy burden of establishing that the trial court abused that discretion. Nevertheless, because we agree with the state's alternate claim that Piccolo Pete is not a fountain for purposes of § 29-356 (3), we need not address the state's contention that the trial court improperly granted the plaintiff's motion to reargue.

meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply." (Internal quotation marks omitted.) *Greco* v. *United Technologies Corp.*, 277 Conn. 337, 347, 890 A.2d 1269 (2006). To ascertain the meaning of a statute, we look first to the text of statute itself and its relationship to other statutes. General Statutes § 1-2z. If the statute is not plain and unambiguous,[16] "we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to . . . common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 756, 900 A.2d 1 (2006). Finally, we review the trial court's construction of the relevant statutory provisions de novo. See, e.g., *Greco* v. *United Technologies Corp.*, supra, 348.

General Statutes § 29-356 (3) defines " '[f]ountain" as "any cardboard or heavy paper cone or cylindrical tube containing pyrotechnic mixture that upon ignition produces a shower of colored sparks *or smoke*." (Emphasis added.) The trial court concluded that Piccolo Pete is a fountain because it produces some smoke and otherwise meets the requirements of § 29-356 (3). See footnote 1 of this opinion. Under the court's interpretation of § 29-356 (3), however, the language "shower of colored sparks" is mere surplusage because it is undisputed that all fountains—indeed, all fireworks—produce at least some smoke.

---

[16] We note that, under § 1-2z, if, after considering the text of the statute itself and its relationship to other statutes, the meaning of the statutory text is plain and unambiguous and does not yield absurd or unworkable results, we are precluded from considering extratextual evidence of the meaning of the statute. Because neither party persuasively contends that the statutory provisions at issue in the present case are plain and unambiguous as applied to the facts of this case, § 1-2z does not limit our review of the state's claim.

Interpreting a statute to render some of its language superfluous violates cardinal principles of statutory interpretation. "It is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions." (Internal quotation marks omitted.) *State* v. *Gibbs*, 254 Conn. 578, 602, 758 A.2d 327 (2000); see also *Vibert* v. *Board of Education*, 260 Conn. 167, 176, 793 A.2d 1076 (2002) ("in interpreting a statute, we do not interpret some clauses of a statute in a manner that nullifies other clauses but, rather, read the statute as a whole in order to reconcile all of its parts"). "[I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Small* v. *Going Forward, Inc.*, 281 Conn. 417, 424, 915 A.2d 298 (2007). Because "[e]very word and phrase [of a statute] is presumed to have meaning"; *Vibert* v. *Board of Education*, supra, 176; § 29-356 (3) must be construed, "if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) *Hatt* v. *Burlington Coat Factory*, 263 Conn. 279, 310, 819 A.2d 260 (2003). In view of the fact that the term "shower of colored sparks" is surplusage under the trial court's construction of § 29-356 (3), we reject that construction. By contrast, the interpretation of § 29-356 (3) that the state advocates, namely, that the smoke produced must be a *shower* of smoke and not merely *any* amount of smoke, gives full meaning to all of the statutory language.

We acknowledge that the term "shower of smoke" is not a commonly used term and that, under different circumstances, we might be reluctant to construe a statutory provision so as to ascribe such a meaning to it. We are persuaded, however, that, as between the construction that the state advocates, which affords meaning to all of the language of § 29-356 (3), and the

trial court's construction, which renders superfluous a portion of the statute, the former construction is the better, more plausible one. Moreover, we believe that, by using the term "shower" of smoke, the legislature was seeking to ensure that, to be classified as a fountain, the firework must produce either a significant amount of sparks or a significant amount of smoke, the effects that represent the salient pyrotechnic characteristics of the particular type of firework known as a fountain.

We also agree with the state that §§ 29-356 and 29-357, when read together and in proper context, evince a legislative intent that a firework shall be deemed to fall within the limited exemption for sparklers and fountains only if the primary or principal pyrotechnic effect of the firework is the pyrotechnic effect that the legislature expressly has permitted. Under § 29-356 (3), a fountain is defined as a cardboard or heavy paper cone or tube *that produces a shower of colored sparks or smoke.* Because § 29-356 (3) does not mention any other pyrotechnic effect, the defining pyrotechnic attribute or characteristic of a fountain is the shower of colored sparks or smoke that it produces. Of course, neither of those two effects can be achieved without ignition, which requires a flame that, in turn, necessarily causes at least some smoke. Both the flame and resulting smoke, however, are ancillary to the fountain's primary pyrotechnic effect of sparks or smoke.[17] In other words, a firework whose primary pyrotechnic effect is not a shower of colored sparks or smoke simply is not a fountain within the meaning of § 29-356 (3).

We find support for this conclusion in § 29-357. Under that statutory section, the legislature has broadly prohibited the use and sale of most fireworks that pose

---

[17] Of course, under § 29-357 (a), the magnitude of these ancillary pyrotechnic effects is limited by the fact that the sparkler or fountain may contain no more than 100 grams of pyrotechnic mixture per item.

significant public safety concerns because of their combustibility. Indeed, prior to 2000, the use or sale of *any* firework was prohibited in this state. In view of the fact that fireworks are widely banned and otherwise intensively regulated under our statutory scheme, it would be contrary to that scheme to construe it as permitting a dangerous and otherwise prohibited pyrotechnic effect—in the present case, a four to five inch exposed flame that lasts up to six seconds—merely because that pyrotechnic effect is produced by a firework that also emits a shower of colored sparks or smoke. See, e.g., *Thames Talent, Ltd.* v. *Commission on Human Rights & Opportunities*, 265 Conn. 127, 136, 827 A.2d 659 (2003) (when construing statutes, we consider, inter alia, "the policy that the legislature sought to implement in enacting the statute"). In urging us to adopt its interpretation of §§ 29-356 and 29-357, the plaintiff not only ignores the overriding public safety purpose of our statutes governing the use and sale of fireworks, it also seeks a result that the legislature reasonably could not have contemplated. See, e.g., *Modern Cigarette, Inc.* v. *Orange*, 256 Conn. 105, 120, 774 A.2d 969 (2001) (in construing statutes, courts must use common sense and presume that legislature intended reasonable and rational result); see also *Vibert* v. *Board of Education*, supra, 260 Conn. 177 (statutes should be construed to avoid bizarre or absurd results).

The plaintiff asserts that the rule of lenity, which provides that penal laws generally are to be construed strictly against the state; see, e.g., *State* v. *King*, 249 Conn. 645, 681, 735 A.2d 267 (1999) ("[c]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily to be resolved in favor of the defendant" [internal quotation marks omitted]); requires us to read § 29-356 (3) as authorizing the use and sale of fireworks that otherwise meet the requirements of §§ 29-356 and 29-357 if those

fireworks produce *some* smoke. We are not persuaded by this argument. "[T]he touchstone of [the] rule of lenity is statutory ambiguity. . . . Thus, as the United States Supreme Court has explained, courts do not apply the rule of lenity unless a reasonable doubt persists about the statute's intended scope *even after resort to the language and structure, legislative history, and motivating policies of the statute. . . . Moskal* v. *United States,* 498 U.S. 103, 108, 111 S. Ct. 461, 112 L. Ed. 2d 449 (1990); accord *State* v. *Jason B.,* [248 Conn. 543, 555, 729 A.2d 760, cert. denied, 528 U.S. 967, 120 S. Ct. 406, 145 L. Ed. 2d 316 (1999)]; see also *Albernaz* v. *United States,* 450 U.S. 333, 342, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981) (Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one. The rule comes into operation at the end of the process of construing what [the legislature] has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers. . . .); *State* v. *Courchesne,* 262 Conn. 537, 556 n.15, 816 A.2d 562 (2003) (rejecting contention that rule of lenity applies whenever defendant musters plausible interpretation of criminal statute); *State* v. *Albert,* 252 Conn. 795, 803, 750 A.2d 1037 (2000) (rule of lenity does not require statutory interpretation that frustrates evident legislative intent)." (Citation omitted; internal quotation marks omitted.) *State* v. *Lutters,* 270 Conn. 198, 219–20, 853 A.2d 434 (2004). Upon reviewing the language, context, legislative genealogy and purpose of §§ 29-356 and 29-357, we conclude that no reasonable doubt exists as to whether § 29-356 (3) requires the emission only of some discernible amount of smoke. Therefore, the rule of lenity is inapplicable.[18] See id., 220.

---

[18] The plaintiff apparently claims that the term "shower of colored sparks or smoke" is so vague that it is proper to ignore it in construing § 29-356 (3). Instead, the plaintiff "urges exclusive consideration of the pyrotechnic effects expressly prohibited" by § 29-357, including explosions, aerial projectiles and other fireworks that contain more than 100 grams of pyrotechnic mixture. We note, first, that the plaintiff has not challenged the statutory

Having concluded that the plaintiff was required to demonstrate that Piccolo Pete produces a sufficient amount of smoke to constitute a "shower" of smoke, we also must determine whether the record is sufficient to permit a finding that Piccolo Pete satisfies that statutory requirement. We conclude that the record is insufficient to support such a finding. Although the trial court found that Piccolo Pete produced some smoke, just as it produces some sparks, the court made no finding as to whether Piccolo Pete produces a shower of smoke.[19] Although it might be argued that "some" smoke does not satisfy the requirement of a shower of smoke any more than "some" sparks satisfy the requirement of a shower of sparks, ordinarily, we likely would be required to remand the case to the trial court for a finding on the issue of whether Piccolo Pete emits sufficient smoke to constitute a shower of smoke. We need not do so in the present case, however, because we have reviewed the same video demonstration of an ignited Piccolo Pete that the trial court reviewed, and it is clear from that video demonstration that (1) Piccolo Pete produces only a small amount of smoke, (2) the smoke that Piccolo Pete does emit is merely the ancillary by-product of the flame that Piccolo Pete produces and not the primary or predominant pyrotechnic effect of the firework,[20] and (3) that smoke cannot possibly be

scheme on the ground of constitutional vagueness. With respect to the plaintiff's contention that we should disregard the "shower of colored sparks or smoke" language of § 29-356 (3) as a matter of statutory construction, we reject that argument because, as we previously have explained, to do otherwise would run afoul of fundamental principles governing the interpretation of statutes.

[19] The court did not do so, of course, because of its determination that some smoke is a sufficient amount of smoke to qualify a firework as a fountain for purposes of § 29-356 (3).

[20] It need not be determined whether Piccolo Pete's predominant pyrotechnic effect is its whistle, as Conkling, the plaintiff's expert, testified, or its flame, as Maheu, the state's expert opined. For purposes of this appeal, it is sufficient that Piccolo Pete's primary pyrotechnic effect is *not* the smoke that it emits.

characterized as a shower of smoke within the meaning of § 29-356 (3). Accordingly, no trial court reasonably could conclude that Piccolo Pete is a fountain within the meaning of § 29-356 (3).

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other justices concurred.