******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* LIONEL G. DUDLEY
## (SC 20177)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

Pursuant to statute (§ 54-142d), whenever a person has been convicted of an offense in this state and such offense has been decriminalized subsequent to the date of conviction, such person may file a petition with the Superior Court for an order of erasure, "and the Superior Court or records center of the Judicial Department shall direct all police and court records and records of the state's or prosecuting attorney pertaining to such case to be physically destroyed."

The defendant appealed from the trial court's denial of his petition, filed pursuant to § 54-142d, to erase the records related to its finding that he had violated his probation. The defendant had been charged in 2010 with the possession and sale of a controlled substance and, in 2012, was convicted on a plea of guilty to possession of less than one-half ounce of marijuana. At the time of the defendant's conduct that led to his 2012 conviction, the defendant was on probation as a result of a prior narcotics conviction, the terms of which required that the defendant not violate any federal or state criminal law. During the 2012 plea proceedings, the defendant admitted that he had violated his probation. Subsequently, the trial court granted the defendant's petition to erase the records related to the 2012 conviction in light of the legislature's enactment of a statute (§ 21a-279a) in 2011 that decriminalized the possession of less than one-half ounce of marijuana. The trial court concluded, with respect to the defendant's separate petition to erase the records pertaining to his probation violation, that the defendant was not entitled to erasure of those records because a conviction was not necessary in order to find that he had violated his probation. On appeal from the trial court's denial of that petition, the defendant claimed that he was entitled to erasure because, among other reasons, the probation violation was premised on his 2012 conviction for conduct that has since been decriminalized, and, therefore, it could no longer serve as a basis for the violation of probation finding. *Held* that the trial court correctly determined that the defendant was not entitled to erasure of the records pertaining to the violation of probation finding: § 54-142d applies only to records pertaining to a criminal case in which a defendant has been convicted of an offense that subsequently was decriminalized, and, because the defendant's probation violation proceeding was not a criminal proceeding but constituted a separate civil proceeding, and thus a violation of probation cannot be "decriminalized," as that term is used in § 54-142d, that statute did not apply to the records pertaining to the defendant's probation violation proceeding; moreover, the legislative history of the marijuana decriminalization statute, § 21a-279a, made clear that, although possession of a small amount of marijuana would be decriminalized, it would still remain illegal, and indicated that the legislature recognized that the state may retain public records of illegal conduct, even if there was no criminal record of such conduct; furthermore, the defendant could not prevail on his claim that § 54-142d clearly requires the erasure of any record containing a reference to his conviction for an offense that subsequently was decriminalized because, in the absence of such conviction, nothing in the record could support the probation violation finding, as the defendant's conduct of possessing marijuana, rather than his conviction based on that conduct, supported the probation violation finding, and, even without evidence of the defendant's conviction, his general admission during the plea proceedings that he had violated the terms of his probation was sufficient to support that finding.

Argued January 24—officially released August 6, 2019

*Procedural History*

Substitute information charging the defendant with the crime of possession of narcotics and with two counts of violation of probation, brought to the Superior Court in the judicial district of New London, geographical area number twenty-one, where the defendant was presented to the court, *Clifford, J.*, on a plea of guilty to the charge of possession of narcotics and on an admission of violation of probation; judgment of guilty in accordance with the plea and finding the defendant in violation of probation; thereafter, the court, *Newson, J.*, granted the defendant's petition for the destruction of certain records relating to the conviction of possession of narcotics and denied the defendant's petition for the destruction of certain records relating to the finding of violation of probation, and the defendant appealed. *Affirmed.*

*Laila M. G. Haswell*, senior assistant public defender, for the appellant (defendant).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Stacey M. Miranda*, senior assistant state's attorney, for the appellee (state).

*Opinion*

D'AURIA, J. In 2011, our General Assembly changed the penalty for possessing less than one-half ounce of marijuana from a potential term of imprisonment and/ or a large fine to merely a fine. See Public Acts 2011, No. 11-71 (P.A. 11-71), codified at General Statutes § 21a-279a.[1] Subsequently, in *State* v. *Menditto*, 315 Conn. 861, 863, 110 A.3d 410 (2015), this court held that P.A. 11-71 "decriminalized" the possession of less than one-half ounce of marijuana for purposes of this state's erasure statute, General Statutes § 54-142d.[2] In the present case, the defendant asks us to hold that § 54-142d also compels the erasure of a finding of a violation of probation that he claims was premised on the now decriminalized offense of possession of less than one-half ounce of marijuana. The trial court rejected the defendant's argument, and we affirm the trial court's decision.

The record reveals the following undisputed facts and procedural history, which are relevant to the resolution of this appeal. In 2007, the defendant pleaded guilty under the *Alford* doctrine[3] to possession of narcotics in violation of General Statutes (Rev. to 2005) § 21a-279 (a). The trial court sentenced him to thirty months of imprisonment, execution suspended, and two years of probation. The terms of probation included that the defendant "not violate any criminal law of the United States, this state or any other state or territory." The court also ordered special conditions of probation, including substance abuse evaluation and twenty hours of community service.

In July, 2008, the defendant was arrested again, this time on a charge of selling narcotics. Pursuant to a September, 2009 plea agreement, he admitted to violating his probation, and the court extended his probation for another year. The court accepted a nolle prosequi from the state on the underlying narcotics charge.

With approximately eight days remaining on the defendant's extended probation, in July, 2010, the police found him in possession of less than one-half ounce of marijuana. Subsequently, an arrest warrant issued for the defendant, alleging that he had engaged in the sale of a controlled substance in violation of the conditions of his probation prohibiting the violation of any criminal law of the United States, this state or any other state. The arrest warrant also alleged that the defendant failed to provide verification that he had completed the twenty hours of community service. He was arrested and charged with possession and sale of a controlled substance, and with violating his probation. In July, 2012, he pleaded guilty under the *Alford* doctrine to the misdemeanor charge of possession of less than four ounces of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c).[4] Also during the plea proceedings,

the defendant admitted to the probation violation. The prosecutor stated on the record that the violation of probation charge was premised on both the defendant's arrest on the charge of sale of a controlled substance, as well as on the charge of possession of marijuana.[5] The defendant was sentenced to one year of incarceration, execution suspended, and one year of probation, and was required to make a charitable contribution of $250.[6]

In 2011, the legislature enacted P.A. 11-71, which changed the penalty for possessing less than one-half of an ounce of marijuana from a potential term of imprisonment and/or a fine to merely a fine of $150 for a first offense and a fine of between $200 and $500 for subsequent offenses. See General Statutes § 21a-279a (a).[7] In a decision officially released on March 24, 2015, this court held in *State* v. *Menditto*, supra, 315 Conn. 871, that P.A. 11-71 had the effect of "decriminalizing" the possession of less than one-half of an ounce of marijuana, thus permitting a defendant to take advantage of the state's erasure statute, § 54-142d. As a result, an individual convicted of possessing less than one-half of an ounce of marijuana may petition the court to have the records "pertaining to such case" erased under § 54-142d. See *State* v. *Menditto*, supra, 876.

In September, 2015, in response both to the enactment of P.A. 11-71 and this court's 2015 decision in *Menditto*, the defendant in the present case filed a petition seeking erasure of the records related to his 2012 marijuana conviction. Because the defendant's July, 2012 conviction, which was based on his July, 2010 arrest, was for less than one-half of an ounce of marijuana, the trial court granted the defendant's motion.

In April, 2016, the defendant filed another petition, this time seeking erasure of the 2012 finding that he had violated his probation. The defendant argued that, because his 2012 marijuana conviction had been erased from his record, no conviction any longer supported the violation of probation finding. The trial court denied the defendant's motion, reasoning that "you don't need any conviction to violate your probation. . . . [It] is a standard condition of probation that you not violate any laws of the United States or any other state, so the conviction, whether there is in fact a conviction or not, isn't necessary."

The defendant appealed from the trial court's decision to the Appellate Court, and the appeal was transferred to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

In addressing the defendant's sole claim on appeal, we begin with our well established standard of review and governing legal principles. The trial court's ruling that § 54-142d does not apply to a violation of probation premised on subsequently decriminalized conduct is a question of law that we review de novo. See, e.g., *State*

v. *Menditto*, supra, 315 Conn. 865. Because the issue "presents a question of statutory interpretation, our analysis is guided by General Statutes § 1-2z, the plain meaning rule. In seeking to determine the meaning of a statute, § 1-2z directs us first to consider the text of the statute itself and its relationship to the broader statutory scheme. 'If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.' General Statutes § 1-2z. 'The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation.' " *State* v. *Menditto*, supra, 865.

The erasure statute, § 54-142d, provides in relevant part: "Whenever any person has been *convicted of an offense* in any court in this state and *such offense* has been *decriminalized* subsequent to the date of *such conviction*, such person may file a petition with the superior court . . . for an order of erasure, and the Superior Court or records center of the Judicial Department shall direct all police and court records and records of the state's or prosecuting attorney *pertaining to such case* to be physically destroyed." (Emphasis added.) As we recognized in *Menditto*, "the purpose of the statute is to allow people who have been convicted of a criminal offense to erase their criminal records in the event that the legislature later decriminalizes such conduct." *State* v. *Menditto*, supra, 315 Conn. 866. The parties' disagreement centers on the meaning of the phrase, "pertaining to such case." To agree with the defendant and order the physical destruction of the record of the 2012 violation of probation finding, we must conclude that the record of that finding is a "[record] . . . pertaining to such case . . . ." General Statutes § 54-142d. We do not agree with the defendant and therefore reject his argument.[8]

Both parties argue that § 54-142d plainly and unambiguously supports their respective positions. Although whether a statute is ambiguous is a legal question; cf. *Enviro Express, Inc.* v. *AIU Ins. Co.*, 279 Conn. 194, 200, 901 A.2d 666 (2006); "our case law is clear that ambiguity exists only if the statutory language at issue is susceptible to more than one plausible interpretation." (Internal quotation marks omitted.) *Lackman* v. *McAnulty*, 324 Conn. 277, 286, 151 A.3d 1271 (2016). "Honest disagreement about the interpretation of a statutory provision does not, however, make the statute ambiguous or vague." *State* v. *Mattioli*, 210 Conn. 573, 579, 556 A.2d 584 (1989).

The defendant first argues that the finding that he violated his probation is a "record" that qualifies for erasure under § 54-142d because his conviction of possession of less than one-half of an ounce of marijuana,

on which the violation was premised, has since been decriminalized. Because his decriminalized conduct is now classified as a minor civil violation, and not as a misdemeanor, the defendant argues that it also can no longer serve as the basis for the violation of probation finding. Thus, according to the defendant, the violation of probation finding "pertains to" his conviction of possession of marijuana, and, therefore, the court must order erasure.

The state responds that the erasure statute applies only to records pertaining to the criminal case in which the defendant was convicted of an offense later decriminalized. The state contends that the violation of probation proceeding did not "pertain to" that criminal case but was, in fact, a separate civil proceeding. We agree with the state.

In determining what the legislature intended by the term "such case," we must carefully examine the entire text of the statute. See, e.g., *Lackman* v. *McAnulty*, supra, 324 Conn. 287 ("[i]t is a basic tenet of statutory construction that [w]e construe a statute as a whole and read its subsections concurrently in order to reach a reasonable overall interpretation" [internal quotation marks omitted]). We first observe that the phrase "such case" undoubtedly refers to the phrases, "an offense," and "such offense," which appear earlier in the same sentence. Neither party contends otherwise. That is to say, "such case" can refer only to the case in which the "person has been convicted of *an offense* in any court in this state and *such offense* has been decriminalized subsequent to the date of such conviction . . . ." (Emphasis added.) General Statutes § 54-142d.

As applied to the defendant's record in the present case, "such case" can refer only to his 2012 conviction under his *Alford* plea in connection with his July, 2010 conduct, which resulted in his arrest on the misdemeanor charge of possession of less than four ounces of marijuana.[9] "Such case" cannot, as the defendant appears to initially contend, refer to his probation violation. This is because it is well established that a probation revocation proceeding is not a criminal proceeding but is instead more "akin to a civil proceeding." *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994). The trial court may "find a violation of probation [if] it finds that the predicate facts underlying the violation have been established by a preponderance of the evidence" and not beyond a reasonable doubt. Id., 302. As such, a defendant is not "convicted" of a probation violation and, most relevant to our purposes, because a revocation of probation proceeding is not a criminal proceeding, it would be a misnomer to say that a finding of a violation of probation could be "decriminalized." Therefore, the trial court's finding that the defendant violated his probation does not constitute a "convict[ion] of an offense" or an "offense [that] has been decriminalized

. . . ." General Statutes § 54-142d. In turn, it also does not fall within the term "such case," compelling erasure pursuant to § 54-142d. The legislature could have chosen to craft our erasure statute to explicitly include probation violations but did not do so.

Alternatively, the defendant contends that even if the phrase, "such offense" or "such case," refers only to his 2012 conviction of possession of less than four ounces of marijuana, which has been decriminalized, records of the finding that he violated his probation fall within the scope of those records that are "pertaining to" that offense or criminal case. Specifically, he argues that the legislature's use of the phrase "pertaining to" manifests an intent to have the erasure statute extend beyond mere conviction information to encompass any records of any judicial proceeding that either reference the conviction or that rely on the underlying facts that supported the conviction. This includes, according to the defendant, records relating to the violation of probation proceeding, in which, he contends, the trial court relied on his conviction of possession of less than four ounces of marijuana to support the finding that he violated his probation.

For its part, the state agrees that the phrase "pertaining to" expands the reach of the statute beyond mere conviction information, but argues that it does so in a different way than the defendant contends. Namely, the state argues that the phrase encompasses all records specifically pertaining to the criminal case in which the defendant was convicted of the offense that later was decriminalized. This includes records from the police, the prosecutor, and the courts that supported the conviction, such as, for example, investigative records, trial transcripts, and case files.

We conclude that the state has the better textual argument. The erasure statute provides that, upon the decriminalization of an offense, and upon a person's petition to the court for an order of erasure, "the Superior Court or records center of the Judicial Department shall direct" the physical destruction not of all records pertaining to such case, but of "all *police* and *court* records and records of the *state's* or *prosecuting attorney*" pertaining to such case. (Emphasis added.) General Statutes § 54-142d. The emphasized terms manifest an intent to expand the locations and type of records related to the defendant's conviction that are subject to destruction (e.g., police records, court records and prosecutor's records), not the type of proceeding to which the erasure statute applies (e.g., criminal proceeding versus probation violation proceeding). This would not support a conclusion that a defendant's probation violation finding must be erased when the conduct underlying that violation has been decriminalized. Essentially, a probation violation is simply a square peg the defendant seeks to fit in the round hole of the

erasure statute.

Even if we thought that both the defendant's and the state's interpretations were plausible, a look at the text of the marijuana decriminalization statute and its legislative history makes clear that the legislature did not intend the result the defendant suggests. See *Lackman* v. *McAnulty*, supra, 324 Conn. 286. First, the text of P.A. 11-71, decriminalizing possession of less than four ounces of marijuana effective July 1, 2011, makes no mention of the erasure statute whatsoever. Nor does it speak to whether records of any noncriminal violations for possessing that amount of marijuana after the effective date would be available to the public. That records of "convictions" of possession of less than four ounces may now be erased is not an issue addressed explicitly by the text of P.A. 11-71, but is a conclusion drawn from the erasure statute itself once we concluded that P.A. 11-71 "decriminalized" this conduct. See *State* v. *Menditto*, supra, 315 Conn. 866.

Further, the legislative history of the marijuana decriminalization statute makes clear that the legislature did not intend to legalize possession of less than one-half of an ounce of marijuana. Rather, one of the purposes of P.A. 11-71 was to prevent imprisonment for mere possession of a small amount of marijuana. Id., 873. The legislature made clear that, although such possession would be decriminalized, it remained illegal and would result in a fine. See 54 S. Proc., Pt. 17, 2011 Sess., p. 5471, remarks of Senator Martin M. Looney ("decriminalization is not legalization . . . but we are trying to realign the punishment to something that is appropriate"); 54 H.R. Proc., Pt. 26, 2011 Sess., p. 8738, remarks of Representative Brendan J. Sharkey ("this policy of decriminalization—not making it legal, it's still illegal"); Conn. Joint Standing Committee Hearings, Judiciary, Pt. 8, 2011 Sess., p. 2435, remarks of Representative Lawrence F. Cafero, Jr. ("this bill doesn't seek to legalize marijuana").

Because the legislature did not intend to legalize possession of less than one-half of an ounce of marijuana, it recognized that, although such conduct would not result in a criminal record, the state may retain public records regarding such a violation because the conduct remains illegal. See 54 H.R. Proc., Pt. 25, 2011 Sess., p. 8530, remarks of Representative Gerald M. Fox III (explaining that, although "[t]here would be no criminal record," "[t]here would still be a record of the violation," and state would retain records of such violations). Specifically, this issue arose during the legislature's consideration of P.A. 11-71, in its discussion concerning arrests for violations of the new law going forward, which would not result in a criminal conviction but instead would result in a fine or, after more than two violations, an order requiring participation in a drug education program. See General Statutes § 21a-279a (c).

Legislators were given no assurance that, upon completion of the program, the offender's "record [would] then [be] expunged." 54 H.R. Proc., Pt. 25, 2011 Sess., p. 8530, remarks of Representative Christopher G. Donovan. The proponent of the bill indicated: "I would say no [the records would not be expunged] because . . . it is a violation. There would be no criminal record. There would still be a record of the violation." Id., remarks of Representative Fox. Therefore, the proponent reasoned, such records might very well be available to the public, just as records of motor vehicle infractions and other violations would be available to the public. Id., p. 8537; see also 54 H.R. Proc., Pt. 26, 2011 Sess., pp. 8551–52, 8595, remarks of Representative Fox.

As such, in decriminalizing the conduct at issue, the legislature intended only to provide offenders with the opportunity to erase any criminal record, thereby allowing them to answer that they had not been convicted of a crime when asked in an employment or other context; the legislature did not intend to prevent the creation of a record of the violation in general. See 54 H.R. Proc., Pt. 26, 2011 Sess., pp. 8551–52, 8595, remarks of Representative Fox (explaining that, although there may be record of violation, there would be no criminal record, and offenders may truthfully state on employment application that they have not been convicted of crime). Similarly, the purpose of the decriminalization provision of our erasure statute is not to remove from public view entirely all violations of law, including those that have been decriminalized but, rather, to allow those convicted of a criminal offense to have their criminal records erased upon subsequent decriminalization of the offense. *State* v. *Menditto*, supra, 315 Conn. 868–69 (purpose of decriminalization is to reduce penalties, not to legalize conduct).

As a result, the legislature's intent is not thwarted by an offender's violation of probation remaining publicly available and not being erased. The legislature never intended for there to be no record whatsoever of an offender's violation, only no *criminal* record. As previously discussed, violation of probation is not itself a crime and does not create a criminal record, but is more akin to a civil violation; *State* v. *Davis*, supra, 229 Conn. 295; not unlike violations that are not subject to erasure and remain publicly available. If, after 2011, an offender's violation for possessing less than one-half of an ounce of marijuana would not be erased, but would be publicly available, it stands to reason that a violation of probation for similar conduct would not need to be erased. In either instance, decriminalization has served its purpose in that the offender does not have a criminal record. We do not discern the legislature's intent as going any further than that.

The defendant counters that, to the extent that the erasure statute is ambiguous, the rule of lenity should

apply, requiring this court to strictly construe the statute in his favor and against the state. See *State* v. *Cote*, 286 Conn. 603, 615, 945 A.2d 412 (2008). This argument is unpersuasive in light of our determination that, to the extent that the erasure and decriminalization statutes are ambiguous, any ambiguity is clarified by the legislative history. See *American Promotional Events, Inc.* v. *Blumenthal*, 285 Conn. 192, 206, 937 A.2d 1184 (2008) ("courts do not apply the rule of lenity unless a reasonable doubt persists about the statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute" [emphasis omitted; internal quotation marks omitted]). Additionally, the erasure statute does not fall within the scope of the rule of lenity. The rule of lenity "is a means of assuring fairness to persons subject to the law by requiring penal statutes to give clear and unequivocal warning in language that people generally would understand, concerning actions that would expose them to liability for penalties and what the penalties would be . . . [and] to protect the individual against arbitrary discretion by officials and judges." (Citation omitted; internal quotation marks omitted.) *State* v. *Cote*, supra, 615. The erasure statute is not a criminal statute under the Penal Code; rather, it is a procedural statute that does not expose people to liability for any penalty. See also *Cisco* v. *Shelton*, 240 Conn. 590, 607, 692 A.2d 1255 (1997) (legislature provided defendants with "procedural protection" by requiring erasure of records of nolled case pursuant to General Statutes § 54-142a [c] [1]).

The defendant responds that, even if the erasure statute does not apply to a violation of probation finding, the erasure statute clearly requires the erasure of any reference to his conviction of possession of less than one-half of an ounce of marijuana and, in the absence of that conviction, nothing in the record supports the violation of probation finding. This argument fails. The arrest warrant specifically stated that the defendant was arrested for and charged with sale of a controlled substance, which, the state alleged, violated the conditions of his probation, specifically, the requirement that he "not violate any criminal law of the United States, this state or any other state or territory." At the plea proceeding, the state specified on the record that the violation of probation charge was premised on both the fact that the defendant had been arrested and charged with sale of a controlled substance, and the fact that he had been in possession of marijuana. As alleged in the arrest warrant, such conduct at the time violated state law, which, in turn, violated the terms of his probation. Thus, although the defendant might very well be entitled to erasure of any reference to his *conviction*, including any reference in his probation violation file, even without reference to the conviction of the subsequently decriminalized conduct, the fact that the defen-

dant was in possession of marijuana alone supported the finding of violation of probation because such conduct violated state criminal law when he was arrested in July, 2010. Moreover, the defendant advances no authority to now contest, or for a court to now review, whether there remains (as opposed to whether there *was*) a sufficient record to continue to support the probation violation that he admitted to having committed.

Additionally, in the arrest warrant and at the plea proceeding, the state relied on the fact that the defendant had been arrested and charged with sale of a controlled substance, which constituted a violation of the criminal laws of this state. The defendant contends, however, that he admitted only to the possession of marijuana charge under state law, not to the sale of a controlled substance charge or to having violated federal law. He argues that, without evidence of the conviction, there is insufficient evidence that he engaged in the sale of a controlled substance.

Contrary to his assertions, when the defendant admitted to the violation of probation charge, he did not specify that his admission was limited to the ground of possessing marijuana in violation of state law. The defendant was convicted of possession of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c) pursuant to an *Alford* plea, whereby he did not admit guilt. Subsequently, however, the defendant admitted to having violated his probation. The state then clarified on the record the basis for the violation of probation charge, including the arrest on the charges of sale of a controlled substance and possession of marijuana. The defendant at no time objected to the state's recitation of the reasons supporting the violation of probation charge. Rather, the defendant generally admitted to the charge of violation of probation, which was premised on more than the conviction of possession of marijuana. As a result, the state did not need to put on evidence to establish that the defendant violated his probation by a preponderance of the evidence because he admitted to the violation. Thus, even without evidence of the conviction, the defendant's general admission that he violated his probation was sufficient to support the trial court's finding that he violated his probation in light of the fact that the state did not rely solely on the conviction of possession of marijuana.

For all of the foregoing reasons, we agree with the state that § 54-142d does not entitle the defendant to erasure of the records pertaining to the 2012 finding that he violated his probation.

The decision of the trial court is affirmed.

In this opinion the other justices concurred.

[1] General Statutes § 21a-279a (a) provides in relevant part: "Any person who possesses or has under his control less than one-half ounce of a cannabis-type substance . . . shall (1) for a first offense, be fined one hundred

fifty dollars, and (2) for a subsequent offense, be fined not less than two hundred dollars or more than five hundred dollars."

As we recognized in *State* v. *Menditto*, 315 Conn. 861, 872–73, 110 A.3d 410 (2015), "[w]hen the legislature enacted P.A. 11-71 in 2011, it reduced the maximum penalty for a first offense of possession of less than one-half ounce of marijuana from a fine of up to $1000 and/or imprisonment of up to one year to a fine of $150, and reduced the penalty for subsequent offenses from a fine of up to $3000 and/or imprisonment of up to five years to a fine of between $200 and $500. P.A. 11-71, § 1. It did so by limiting the scope of conduct that constituted criminal possession of marijuana under [General Statutes] § 21a-279 and enacting a new statute imposing fines for the conduct excluded from the scope of § 21a-279. See General Statutes § 21a-279a. The legislature then added that new statutory provision proscribing possession of less than one-half ounce of marijuana to the list of minor civil violations in [General Statutes] § 51-164n (b); P.A. 11-71, § 6; which are deemed not to be offenses pursuant to § 51-164n (e)."

[2] General Statutes § 54-142d provides in relevant part: "Whenever any person has been convicted of an offense in any court in this state and such offense has been decriminalized subsequent to the date of such conviction, such person may file a petition with the superior court at the location in which such conviction was effected, or with the superior court at the location having custody of the records of such conviction . . . for an order of erasure, and the Superior Court or records center of the Judicial Department shall direct all police and court records and records of the state's or prosecuting attorney pertaining to such case to be physically destroyed."

[3] Pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 1625 (1970), a defendant does not admit guilt but, rather, acknowledges that the state's case is so strong that he is willing to enter a plea of guilty.

[4] General Statutes (Rev. to 2009) § 21a-279 (c) provides: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned; and for a subsequent offense, may be fined not more than three thousand dollars or be imprisoned not more than five years, or be both fined and imprisoned."

[5] The state never argued that the violation of probation was premised on the defendant's conviction of possession of marijuana in violation of General Statutes (Rev. to 2009) § 21a-279 (c). Rather, the state relied more broadly on the fact that the defendant was found in possession of marijuana.

[6] The trial court noted during the defendant's plea that the plea agreement was the result of some weaknesses in the state's case regarding the count for sale of a controlled substance.

[7] See footnote 1 of this opinion.

[8] The defendant was arrested on a charge of sale of a controlled substance in 2010. P.A. 11-71 became law on July 1, 2011. The defendant was convicted in July, 2012, after his arrest in connection with his July, 2010 conduct: possession of less than one-half of an ounce of marijuana. Thus, the legislature decriminalized possession of less than one-half of an ounce of marijuana *before*, not subsequent to, the defendant's conviction, although it was not until we decided *Menditto* in 2015 that this became clear. Nonetheless, because the state does not argue that the defendant was not "convicted of an offense . . . and such offense has been decriminalized *subsequent* to the date of such conviction"; (emphasis added) General Statutes § 54-142d; but instead was convicted of an offense in 2012 that was decriminalized *before* the defendant's conviction, we assume that the defendant fits this predicate.

[9] The defendant does not argue that "such case" refers either to his 2007 conviction of possession of narcotics, as that offense has not been decriminalized, or to his 2008 probation violation.